**21CV1032**

**FILED**

2/23/2021

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JMK

**IN THE UNITED STATES DISTRICT COURT FOR NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

===================================================

|  |  |  |
|---|---|---|
| MICHAEL O. LIVINGSTONE | : | *Jury Trial Demanded* |
| *Plaintiff* | : |  |
| v. | : | **JUDGE THARP JR.** |
| | : | **MAGISTRATE JUDGE KIM** |
| DEVRY UNIVERSITY, INC. | : | |
| | : | Civil Case No._____ |
| | : | |
| *Defendant* | : | |

===================================================

**PLAINTIFF'S INITIAL CIVIL COMPLAINT REGARDING MATH 533 COURSE FOR:**
**Breach of Settlement Contract; Breach of Contractual University Catalog; Retaliation for Suing Three Students in this Court; Retaliations under Civil Rights Act of 1964, ADA and Section 504; Detrimental Reliance; False Advertisement;**
**Breach of Good-faith and Fair Dealing**

---

**TABLE OF CONTENTS**

Page Nos.

A. INTRODUCTION………………………………………………..………........2
B. PARTIES & ADDRESSES……………………………………………….......3
C. JURISDICTION AND VENUE……………..…………….............................4

D. RELEVANT FACTUAL BACKGROUND …………………….….…..…...…...4-19

**COUNT ONE**
Retaliation Against Right To Petition (Retaliation
For Suing Three DeVry Students in the First Lawsuit)…………..…………………….....19-29

**COUNT TWO**
Breach of Contract (Breach of Settlement Agreement)……………………………...….29-35

**COUNT THREE**
Breach of DeVry University Contractual
Academic Catalog; Breach of Contract…………………………………………….…..35-42

**COUNT FOUR**
Higher Education Law……………………….…………….…..……………...….42-50

*Plaintiff's Complaint.*

**COUNT FIVE**
Illinois Consumer Fraud and Deceptive Business Practices Act
(the Consumer Fraud Act)(815 ILCS 505/1 *et seq* (West 1996)………………………..……...50-58

**COUNT SIX**
False Advertisement ……………………………….……………….…………..........58-66

**COUNT SEVEN**
Misinformation-By-Omission………………………………………………………………..66-72

**COUNT EIGHT**
Retaliation under Americans with Disabilities Act ("ADA");
& Section 504 of the Rehabilitation Act of 1973…………………………….……………....72-81

**COUNT NINE**
Retaliation under Civil Rights Act of 1964, 42 U.S.C. § 2000d…........................................81-90

**COUNT TEN**
Breach of the Duty of Good-Faith & Fair-Dealing…………………….……………….....90-91

**COUNT ELEVEN**
Detrimental Reliance; Promissory Estoppel……………….…………………….………...92-94

    E.  Relief Requested ……………………….…….……......................................................94

    F.  Fed. R. Civ. Proc. 65 Affidavit of Plaintiff Michael O. Livingstone………….……......95

## I.    <u>INTRODUCTION</u>

      Plaintiff Mr. Michael O. Livingstone ("Plaintiff" or "Mr. Livingstone") proceeding *pro se*

before this Federal District Court brings this civil federal complaint against Defendant DeVry

University, Inc. This is a *pro se* complaint; so, this District Court is reminded about the "duty to

construe [the] pleadings liberally and apply the applicable law, irrespective of whether [Plaintiff

has] mentioned it by name." *Rose v. Ortiz,* No.14-1738, 2015 WL 9216589, at *1(D.N.J. Dec.

16, 2015) (citing *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244 (3d Cir. 2013)). Plaintiff

states as follows:

*Plaintiff's Complaint.*

## A. <u>PARTIES & ADDRESSES</u>

*1.* Plaintiff **MICHAEL O. LIVINGSTONE** ("Plaintiff "or "Mr. Livingstone" or "Livingstone") is a citizen of the United States of America and citizen of the State of Pennsylvania by domicile in Philadelphia County. Plaintiff is a young adult black male with indigenous origin and linguistic accent from West Africa. Plaintiff is a matriculated full-time graduate student and a candidate for Master of Business Administration (MBA) degree at Defendant DeVry University and its Keller Graduate School of Management. Plaintiff's address is:

<u>P. O. Box 34246, Philadelphia, Pennsylvania 19101.</u>

*2.* Defendant **DEVRY UNIVERSITY, INC** ("DeVry" or "DeVry University") is being sued in its official capacity as an Illinois-based for-profit academic institution with its principal place of business and administrative headquarters in Illinois. DeVry is currently governed by its Board of Trustees and owned by Cogswell Education, LLC. DeVry is one of the nation's largest for-profit educational institution with ability to sue and to be sued and cannot assert sovereign immunity. *Daghlian v. DeVry University, Inc.,* 582 F. Supp. 2d 1231 (C.D. Cal. 2008). DeVry offers online and hybrid courses. DeVry provides educational services throughout the United States with local campuses in about twenty-five (25) states across America. DeVry operates two (2) local campuses and offices in New Jersey at North Brunswick and Paramus.[1] *See* also Pages 59-60 of the 2019-2020 Student Handbook.[2] DeVry's principal place of business is Illinois operates where it maintains its headquarters at:

<u>1200 E. Diehl Road, Naperville, Illinois 60563.</u>

---

[1]     *See*, https://www.devry.edu/about/campus-locations/new-jersey/north-brunswick.html

[2]     https://www.devry.edu/content/dam/devry_edu/d/student-handbook.pdf

*Plaintiff's Complaint.*

## B.  JURISDICTIONS AND VENUE

*3.*      This U.S. District Court has original jurisdiction pursuant to 28 U.S.C. § 1331

because this complaint pleads many causes of action under Federal Law.

*4.*      This U.S. District Court has exclusive jurisdiction and Venue is right because the

attached settlement agreement (Exhibit "M" ) between the parties confers exclusive jurisdiction

upon this particular Court where it says between Pages 6-7 under provision No.12 at ¶ 4 as

follows: "…The exclusive jurisdiction and venue for any dispute relating to this Agreement is

United Stated District Court for the Northern District of Illinois."

*5.*      This District Court exercises supplemental jurisdiction over Plaintiff's state law

claims pursuant to 28 U.S.C. § 1367 and U.S.C § 1332.


## C.  RELEVANT FACTUAL BACKGROUND

*6.*      Plaintiff Michael O. Livingstone ("Livingstone" or "Plaintiff") is, and has been, a

full-time matriculated graduate student at DeVry University, Inc. and its Keller Graduate School

of Management (collectively "DeVry" or "University" or "DeVry University") since November

2015.

*7.*      By letter dated October 31, 2015, DeVry University granted Plaintiff admission

into its Keller Graduate School of Management to pursue the Master of Business Administration

("MBA") academic degree program.

*8.*      Students of Keller Graduate School of Management are automatically students of

DeVry University.

*9.*      At DeVry University, each semester is divided into two sessions of accelerated

eight (8) weekly modules.

*Plaintiff's Complaint.*

10.     Each session of a semester is billed separately. [3]

11.     Plaintiff is currently a candidate for the MBA degree at DeVry University having completed academic coursework in three (3) concentrations, namely: General Management, Health Services Management, and Management Information Systems.

12.     Plaintiff applied to graduate during the January 2020 session for his MBA degree in the three concentrations.

13.     Plaintiff is in good academic standing with high cumulative Grade Point Average ("GPA") currently at 3.5 on a 4.0 scale with most "A" final grades at DeVry University.

14.     In addition to the pursuit of his MBA degree at DeVry, on or around January 21, 2019, Plaintiff earned a Graduate Certificate in Entrepreneurship from DeVry University.

15.     In addition to the pursuit of his MBA degree at DeVry, on or around October 26, 2019, Plaintiff earned another Graduate Certificate in Health Services Management from Keller Graduate School of Management of DeVry University. That certificate was issued in the year 2020.

16.     Since Plaintiff's matriculation in November 2015 at DeVry University, Plaintiff has seamlessly enrolled and completed about twenty-six (26) graduate-level classes online.

17.     The issues presented in this lawsuit prevent Plaintiff from graduating, especially the dispute regarding the course called Applied Managerial Statistics course ("Math 533")

18.     Math 533 is now cross-listed by the University as "Math 534" in the attached academic catalog Exhibit "C" at Page 19. Math 533 is the same as Math 534. Plaintiff's catalog year is 2015 which uses Math 533. At all times in this complaint, Plaintiff will refer to Math 533.

---

[3]     *See* Page 7 of the Keller Catalog, https://www.devry.edu/content/dam/devry_edu/d/Keller_Catalog.pdf stating that "Keller delivers courses in a session format, with two eight-week sessions offered each semester."

*Plaintiff's Complaint.*

*19.*     Math 533 can be found in Page 19 of the University's contractual published academic catalog that is attached herewith as Exhibit "C." Math 533 is part of the MBA degree core requirements at DeVry University.

*20.*     With the exception of Math 533, Plaintiff has completed all coursework to be awarded for his MBA degree and he is eligible to graduate now.

*21.*     The alleged discrepancies, discriminations, deviations from course registration practices, retaliations, and deviations from the University's own Catalog regarding Math 533 has drastically reduced Plaintiff's Grade Point Average (GPA) to 3.5. Plaintiff was at almost 4.0 cumulative GPA. After the issues are addressed in Plaintiff's favor, Plaintiff's GPA could be restored to its previous higher GPA of 3.9 on a 4.0 scale.

*22.*     In November 2018 session, Plaintiff enrolled in Math 533 at DeVry University. The course instructor was Associate Professor, Kathrine Henson-Mack, Ph.D.

*23.*     DeVry did not follow its own course registration practices and policies regarding late course registration, which required approvals from both faculty chairperson and the course instructor to enroll Livingstone in Math 533.

*24.*     Livingstone got sick during the November 2018 session Math 533 course. Livingstone contacted Professor Henson-Mack with verifiable medical documentation to request for an Incomplete (I) grade so that he can complete the Math 533 course when he recovers.

*25.*     Consistent with the provisions for Incomplete designator grades in Pages 98-99 of the 2018-2019 DeVry University Catalog,[4] Livingstone and Dr. Henson-Mack processed Incomplete grade for the Math 533 class upon approval by Dr. Henson-Mack and DeVry University Registrar.

---

[4]     2018-2019 Keller Catalog, https://www.devry.edu/content/dam/dvu/www_devry_edu/d/Keller_Catalog.pdf

*Plaintiff's Complaint.*

26.     At DeVry, when an Incomplete grade is assigned, there is an allotted time frame for the student to complete the outstanding coursework for change of the Incomplete grade to a final grade. After that allotted times expires, the Incomplete grade automatically converts to a Fail ("F") grade by default. Students are required to contact the course instructor to expand the allotted time on the Incomplete grade if they are unable to meet the timeline.

27.     Due to uncertain recovery time from illness, complications with Plaintiff's illness, and inability to complete the outstanding coursework for the Math 533 class in November 2018 session, in accordance with DeVry catalog provisions requiring students to request for extension of time on the Incomplete grade to prevent default change of the incomplete grade to a Fail grade, around January 31, 2019, Plaintiff contacted Dr. Henson-Mack to extend the allotted time on the Incomplete grade when the Incomplete grade was about to convert to default fail grade.

28.     On January 31, 2019, Dr. Henson-Mack left a voicemail on Plaintiff's telephone explaining at the end of her voicemail to Livingstone that she cannot extend the time on the incomplete grade because of the uncertain timeline of recovery of Plaintiff's illness. However, she would do an F-override later after the Incomplete grade converts to default fail grade even if Plaintiff is unable to submit all the outstanding coursework before the Incomplete grade converts into a default fail grade.

29.     On or around July 11, 2019, DeVry's Philadelphia location campus Assistant Dean for Academic Excellence, Mr. Jonathan Agresta, who *previously* maliciousl*y* sanctioned Plaintiff in June 2019 on grounds that Plaintiff's filing of grade appeals with the University is "bad character incident," conspired with Dr. Henson-Mack-- as evidenced in a July 11, 2019 email -- to stop Dr. Henson-Mack from changing the default F-grade with the F-override she previously promised at the end of her January 31, 2019 voicemail to Plaintiff.

*Plaintiff's Complaint.*

30.     After conspiring with Mr. Agresta, Dr. Henson-Mack changed her mind regarding doing the F-override for Plaintiff.

31.     Around July 11, 2019, Mr. Agresta directed Dr. Henson-Mack to tell Plaintiff to file a grade appeal regarding Math 533 and to file that grade appeal specifically to him without filing it through the University's systems.

32.     At DeVry, the published grade appeal procedures requires students to file their grade appeals electronically through the University Registrar's portal to the University's student support center, who would then assign the grade appeal to a designated official for review processes by the University.

33.     Instead of following the University's published procedure to file the grade appeal electronically to the University for processing by an Academic Specialist, in order to carry out his purported bad-faith malicious activities against Plaintiff, by emails, Mr. Agresta asked Plaintiff to file the grade appeal directly to him, *not* through the University's electronic system to the Registrar for the University itself to review the grade appeal.

34.     Plaintiff reminded Mr. Agresta about his latent prejudice and caprices against him where he described filing grade appeals as "bad character incident" in June 2019. Yet, in July 2019, the same Mr. Agresta wanted Plaintiff to file grade appeal regarding Math 533 class to him.

35.     By emails, Plaintiff asked Mr. Agresta to recuse himself as the decision maker of Plaintiff's Math 533 grade appeal.

36.     On October 31, 2019, Mr. Agresta declined to recuse himself and he also denied Plaintiff's Math 533 grade appeal citing pretextual excuses without complying with University

*Plaintiff's Complaint.*

procedure to refer the grade appeal to an academic specialist and to the University's Provost and Chief Academic Officer for final decision making, as required by the University policy.

37.     Mr. Agresta is not the final arbiter of grade appeals at DeVry. Academic Affairs Provost of a University such as DeVry's Dr. Shantanu Bose is the final arbiter of grade appeals in the University, as it was previously done in March 2016 by Provost Dr. Donna Rekau when Plaintiff appealed Accounting 504 course grade in the past.

38.     On November 19, 2019, Plaintiff brought a civil complaint against DeVry at the U.S. District Court for District of New Jersey, Trenton Vicinage ("USDC-NJ"). The case was docketed as Case No.19-cv-20531-BRM-DEA. Among several causes of action, Plaintiff sought relief about Math 533 in the complaint.

39.     Federal Rules of Civil Procedure 4 process service was not executed and so USDC-NJ did not adjudicate any substantive or procedural motions with prejudice. *Id.* Defendants did not enter any appearance of legal representation in USDC-NJ. *Id.* USDC-NJ issued summonses. *Id.*

40.     Plaintiff served a copy of the complaint and summonses with copies of Rule 4(d) waiver of service forms by certified mail upon DeVry's in-house general legal counsel (Mr. F. Bill Caruso) to DeVry for waiver of service. DeVry did not return the waiver service forms.

41.     By attached email (Exhibit 2C) dated February 6, 2020 at 2:47 PM, DeVry University's in-house Paralegal, Mr. Jeffrey Harper, acting on behalf of DeVry University acknowledged receipt of Plaintiff's complaint and summonses as follows:

> …Mr. Livingstone – We appreciate the copies of the various filings provided to us as a courtesy. Please send all documentation to our registered agent, CT Corporation:
> The Corporation Trust Company
> 820 Bear Tavern Road
> West Trenton, New Jersey 08628

*Plaintiff's Complaint.*

Regards, Jeff …

42.    By attached email dated September 4, 2020 at 2:34 PM (Exhibit 2D), Plaintiff advised DeVry that USDC-NJ has ordered the U.S. Marshal to serve the complaint and summonses upon DeVry. Plaintiff intends to withdraw the case from USDC-NJ to Illinois District Court (because New Jersey is not the principal place of business for DeVry University).

43.    In his September 4, 2020 email (attached Ex.2D), Plaintiff inquired from Mr. Harper whether DeVry's registered agent in New Jersey ( i.e. CT Company, *supra*) is still the registered agent for Plaintiff to serve the summonses and complaint if Plaintiff commences the action in this Illinois Federal Court; and whether DeVry would like to waive process service of the summonses and complaint when the case commences in this Illinois District Court.

44.    Whereupon, Mr. Harper responded by email dated September 8, 2020 at 1:25 PM (included in Exhibit 2D) as follows:

"DeVry University will not be waiving service in this matter and **can be served thru CT Corporation.**" (emphasis added)

45.    Around September 15, 2020, Plaintiff withdrew the USDC-NJ case *without prejudice* upon discovering that DeVry's headquarters or principal place of business here in Illinois might cause his lawsuit to be attacked by motion to dismiss in pursuant to 28 U.S.C.§1391; or 28 U.S.C. §1406(a); or 28 U.S.C. §1404(a).

46.    Around September 18, 2020, Plaintiff, proceeding *pro se*, filed the civil case in this Court against DeVry and twenty six (26) defendants associated with DeVry University. Plaintiff named Mr. Agresta as one of the DeVry defendants. Among other things, Plaintiff sought relief regarding the Math 533 class and its associated course registration malpractice. On September 24, 2020, Plaintiff amended his initial complaint as of right (ECF No.10).

*Plaintiff's Complaint.*

47.     A true copy of Plaintiff's previous underlying civil lawsuit in this Court leading to this case is attached herewith as Exhibit "L" and that case is captioned and docketed as *Michael O. Livingstone vs. DeVry University, Inc., et al.*, 20-cv-05567, USDC-N.Illinois. That case was assigned to U.S. District Judge, Honorable Andrea R. Wood; and U.S. Magistrate Judge, Honorable Beth W. Jantz, of this Court. This court issued summonses for process service upon DeVry defendants around September 25, 2020.

48.     On September 29, 2020, by way of a professional process server, Plaintiff caused the first complaint (Exhibit "L") and its summonses to be served upon all 26 defendants at the address of DeVry's registered agent at Corporation Trust Company, West Trenton, New Jersey ("CT Corp") consistent with the directive DeVry's Mr. Harper provided within his September 8, 2020 email (Exhibit 2D) that Plaintiff can execute process service at their registered agent CT Corp.

49.     On September 29, 2020, an agent at CT Corp advised Plaintiff's process server that she does not know whether CT Corp is contracted with DeVry to receive process service for the additional officials and offices Plaintiff has sued and summoned in his complaint. So, the process server included that notation within his affidavits of process service. *See* attached Exhibit 2G.

50.     On October 5, 2020, Plaintiff filed notarized copies of the affidavits of process service of the complaint and summonses with this Court in the first lawsuit.

51.     The process server billed Plaintiff $539 total for executing process service upon DeVry and its defendants at CT Corp. *See* attached invoices Exhibit 2A. Plaintiff had to find the money to pay it. Plaintiff also incurred additional $315.29 as printing paper and supplies costs to print and organize the complaint and summonses for process service for all 26 defendants (*see*

*Plaintiff's Complaint.*

attached Exhibit 2B). Taken together, Plaintiff incurred $539 + $319.25 = $854.25 total costs of process service and supplies.

52.    On October 7, 2020, Plaintiff filed a motion and memo of law for reimbursement of process service costs to be imposed upon defendants pursuant to Fed. R. Civ. 4(d)(2) in the first lawsuit docketed as 20-cv-05567 (USDC- N. ILL) in this Court as ECF Nos.19 & 20.

53.    On January 22, 2021, this Court entered an Order (attached herewith as Exhibit "2H") denying Plaintiff's motion for reimbursement of process service costs specifically on grounds that consistent with Rule 4(d) of the Federal Rules of Civil Procedure, Plaintiff did not send actual *waiver of service* forms to defendants in the underlying first lawsuit he initiated in this particular Illinois District Court, not the NJ District Court.

54.    This Court's order (Exhibit 2H) did not address the *detrimental reliance* aspect of the transaction on grounds that DeVry expressly directed Plaintiff to serve the complaint and summonses at CT Corp. Plaintiff relied upon that information and paid the process server to execute process service at CT Corp. Yet, DeVry and CT Corp rejected the process service for the other DeVry defendants and only accepted process service for DeVry and Adtalem.

55.    During an October 16, 2020 telephonic conference with Honorable District Judge Wood, this Court referred the underlying first lawsuit for court-mediated settlement conference with U.S. Magistrate Judge Honorable Beth W. Jantz ("Judge Jantz").

56.    This Court's standing order that is published by the Chambers of Judge Jantz required the parties to exchange proposals for settlement and send copies to the Court prior to the November 20, 2020 settlement conference. Plaintiff submitted a full-blown technically-written proposal for settlement making full disclosure of all the things he intends to settle. On the other hand, DeVry did not submit a proposal for settlement. Instead, DeVry submitted a tabulated

*Plaintiff's Complaint.*

document that responded in juxtaposition to Plaintiff's proposal for settlement with "accept or decline with modifications or revisions," thereby concealing information that Plaintiff needed to have access upfront to determine his legal liability.

57.     On November 20, 2020, the Court conducted a virtual settlement conference for the parties using *Microsoft Teams*. Magistrate Judge Jantz was the mediator between the parties.

58.     Plaintiff proceeded *pro se* during the November 20, 2020 court-mediated settlement conference in this Court.

59.     Only DeVry University and Adtalem Global Education formally appeared before the Court for the November 20, 2020 settlement conference although the settlement proceedings was intended to release the other 24 unsettling and unserved defendants. DeVry only made those revisions and modifications known after the settlement conference and used it as a coercive tool.

60.     Attorneys Terence Gonsalves and Andrew Robert Greene represented DeVry in the underlying first lawsuit in this court. Only attorney Terence Gonsalves attended the November 20, 2020 settlement conference in this Court.

61.     A DeVry in-house general legal counsel, Sarah Fisher, Esquire, attended the settlement conference to settle for DeVry and Adtalem.

62.     Despite prior advance knowledge that Math 533 would be part of the issues for the settlement negotiations, DeVry attended the November 20, 2020 court settlement conference unprepared without all the relevant material information regarding the Math 533 class for Plaintiff to determine his legal liability.

63.     This Court did not *adjourn* the November 20, 2020 settlement conference as a procedural safeguard to allow DeVry to gather all information and make full disclosure about all material facts pertaining to Math 533 class for Plaintiff to make judicious and informed decision.

*Plaintiff's Complaint.*

Judge Jantz paused the settlement conference intermittently for some hours to allow DeVry to place phone calls to DeVry from the Court to gather information from the designated University Registrar regarding Math 533. DeVry also failed to place their designated DeVry University Registrar on notice to be available to provide all necessary information regarding Math 533 class.

64.     As a consequence of the lack of information and unpreparedness of DeVry regarding Math 533 during the settlement conference, Judge Jantz and DeVry cobbled a two-pronged ambiguous settlement term in the settlement agreement that is not definite and its reads like this:

> Mr. Livingstone must retake Math 533 in order to graduate from DeVry, unless DeVry determines otherwise in which case he may only need to complete the coursework not yet completed in Math 533…

65.     Following the November 20, 2020 court-mediated settlement conference, the parties exchanged drafts of written settlement agreement by email communications.

66.     The pertinent parts of the oral and written settlement contract that the parties executed on November 20, 2020 in this Court and during the written agreement that was signed by DeVry on November 30, 2020 under provision No. 4 of Exhibit "M" says this:

> Mr. Livingstone must retake Math 533 in order to graduate from DeVry, unless DeVry determines otherwise in which case he may only need to complete the coursework not yet completed in Math 533. DeVry shall not charge Mr. Livingstone tuition to retake Math 533…

67.     During the written settlement contracting, DeVry included *other terms* into the written settlement which the parties did not previously discuss, which the parties did not contemplate during the settlement conference, and which the parties did not determine during the court settlement conference, such as Taxes. DeVry threatened Plaintiff to sign a W-2 Tax form;

*Plaintiff's Complaint.*

otherwise, DeVry will not send the settlement money to Plaintiff (*see* Exhibit "M" at Provision No.13 under section labeled *Consideration to Mr. Livingstone*).

68. It was ***after*** all the **November 2020** oral and written settlement proceedings when DeVry sent email dated Wednesday, **December 2,** 2020 at 6:13 PM attached herewith as Exhibit "P" disclosing **for the** *first time* that DeVry will offer Math 533 class as ***Independent study*** course for Plaintiff to complete unlike other similarly-situated matriculated MBA degree seeking DeVry students.

69. The preexisting contractual DeVry University Academic Catalog does not authorize DeVry to register Plaintiff or any similarly-situated matriculated MBA degree seeking DeVry students for Math 533 as independent study course.

70. During the November 2020 oral and written settlement proceedings, the parties did not contemplate that Plaintiff will be separated from all other similarly-situated matriculated MBA degree seeking DeVry students to take Math 533 as *independent study* course.

71. Plaintiff never agreed to take Math 533 as independent study course during the settlement proceedings at all.

72. During the November 20, 2020 court-mediated settlement conference, DeVry did not make full disclosure that Math 533 class will be *independent study* class for Plaintiff alone to complete it by himself while other similarly-situated matriculated DeVry students complete the same Math 533 with other students in groups of 20-30 students in each class section; thereby, informationally injuring and surprising Plaintiff.

73. Plaintiff would not have settled the first lawsuit at all if this material information about taking Math 533 as *independent study* course was disclosed during the settlement contracting.

*Plaintiff's Complaint.*

74.     No part of the settlement agreement says Math 533 will be an independent study course for Plaintiff alone unlike other similarly-situated matriculated MBA DeVry students taking that course in groups of 20-30 students.

75.     Plaintiff never agreed during the November 2020 settlement contracting to take Math 533 class as independent study course by himself without other similarly-situated matriculated DeVry Students including doing discussion postings with himself as described in the University's email (Exhibit "R").

76.     No part of the University's contractual published and advertised academic Catalog (Exhibit " C") says Math 533 is a mandatory independent study class for all similarly-situated matriculated MBA degree seeking DeVry students.

77.     Subsequent to the November 2020 settlement contracting, DeVry registered Plaintiff themselves to take Math 533 as independent study class during the January-February 2021 session of the Spring 2021 semester without other similarly-situated students.

78.     Inasmuch as Plaintiff did not authorize DeVry to register him for Math 533 class as independent study class at all, Plaintiff declined to attend the Math 533 class as independent study class for the January-February 2021 session.

79.     It is DeVry's course registration policy that if a student does not attend a class for the first two (2) weeks of registration, then DeVry will automatically drop the course (*see* Exhibit "S").

80.     By email dated Monday, January 18, 2021 at 4:08 AM, DeVry informed Plaintiff that he is automatically dropped from the Math 533 independent study course, which DeVry registered him for the January 2021- February 2021 session of the Spring 2021 semester (*see* Exhibit "T"); thereby, creating an irreparable indelible gap within Plaintiff's education because

*Plaintiff's Complaint.*

the lost time is irrecoverable. This lawsuit has followed for redress of that damage if the gap created with Plaintiff's education.

81.     On January 8, 2021, DeVry filed a motion to enforce the settlement agreement ( Ex.M) in the underlying first lawsuit ( Ex.L) and it is docketed as ECF No.68 *sub judice* in this court.

82.     On January 18, 2021, Plaintiff filed his amended cross-motion and memorandum of law to quash and strike the settlement proceedings and settlement agreement entirely in responsive opposition as to DeVry's motion to enforce settlement and it is docketed as ECF Nos. 83 & 84 *sub judice.*

83.     Plaintiff avers that the outcome of the parties' pending settlement motions to either strike or enforce the settlement in the first lawsuit does not impact the causes of action in this instant second lawsuit because regardless of settlement or not, Plaintiff was entitled to continue his education undeterred and seamlessly without any gaps which includes normal enrollment in the Math 533 course together with every other similarly-situated matriculated MBA degree seeking DeVry student consistent with the contractual University academic catalog (Exhibit C) because DeVry is not supposed to deviate from the contractual academic catalog.

84.     Even if the underlying settlement is enforceable, then still under Provision No.12 of the same settlement agreement (Exhibit "M"), the parties agreed to comply with the Laws in the performance of the settlement:

> **12.     Applicable Law**.
> This Agreement and all questions relating to its validity, interpretation, performance and enforcement (including, without limitation, provisions concerning limitations of actions),will be governed by and construed in accordance with the laws of the State of Illinois and Federal Laws, as applicable...

*Plaintiff's Complaint.*

Hence, DeVry agreed to comply with the Law in the interpretation and performance of the settlement term regarding Math 533 class. The parties are supposed to comply with the laws anyway.

85.     On January 29, 2021, Plaintiff filed a motion for preliminary injunction in the underlying first lawsuit for this Court to enjoin DeVry to register him for the Math 533 class for the upcoming March 2021-April 2021 session to take the class with every other similarly-situated matriculated DeVry Student.

86.     On January 27, 2021, among other things, this Court denied Plaintiff's motion for that preliminary injunction on grounds that there is a settlement in the case and so any irreparable damage can be cured financially; any breach of the settlement terms is a breach of contract claim that can be pursued in a separate new lawsuit. So, the proper avenue for Plaintiff to recover from the breach of settlement contract claim is to sue for the irreparable damage, not motion for preliminary injunction.

87.     On January 29, 2021, Plaintiff moved the Court to vacate and reconsider its order denying his motion for preliminary injunction regarding Math 533. Plaintiff argued that even if there is a binding settlement in the case, the same parties expressly agreed within the same settlement to comply with the Laws in the performance and interpretation of the settlement terms. Hence, DeVry is bound by the same settlement agreement to comply with the Law, where, as here, the Law requires DeVry not to deviate from the published contractual academic catalog; and the catalog does not authorize DeVry to register Plaintiff for Math 533 as independent study class on his own while all other similarly-situated matriculated MBA degree seeking DeVry students take the same class in groups of 20-30 students. Plus, the law prohibits DeVry from retaliating against Plaintiff with disparate treatment for suing three students in the underlying

*Plaintiff's Complaint.*

lawsuit. So, the Court should order DeVry to register Plaintiff to take the Math 533 course with every other similarly situated MBA degree seeking DeVry student in groups.

88.     Even if this Court grants Plaintiff's motion for reconsideration, Plaintiff avers that it does not negate or obviate the fact that an irreparable gap has been created within his continued seamless education for January 2021-February 2021, which in turn presents other ripple irreparable damages against his prospective economic advantage.

89.     By registering Plaintiff for Math 533 as an independent study course, DeVry deviated from its contractual academic catalog with reckless disregard.

90.     This instant second lawsuit has come because Plaintiff is claiming damages for the irreparable gap DeVry has created within his continued education for the January 2021-February 2021 which has caused loss of future salary, erroneous deprivation of continued education, intentional interference with prospective contracts, including Plaintiff's delayed timely graduation for the MBA degree, and timely enrollment in Law School, and other further damages.

91.     Plaintiff expressly reserves the right to bring another separate third lawsuit against DeVry if another irreparable gap gets created within his continued education for the March 2021-April 2021 session, or in the alternative, Plaintiff will amend this complaint to claim additional damages.

**COUNT ONE**
**RETALIATION AGAINST RIGHT TO PETITION;**
**(RETALIATION FOR SUING THREE DEVRY STUDENTS IN THE FIRST LAWSUIT)**
**Michael O. Livingstone v. DeVry University**

92.     Plaintiff incorporates herein by reference each and every one of the allegations contained in preceding paragraphs as though fully set forth at length herein with the same effect.

*Plaintiff's Complaint.*

93.    The conduct of defendants as set forth in the following paragraphs constitutes conduct that allegedly violates anti-retaliation law for petitioning the government for redress of grievances in the form of bringing a federal lawsuit to this Court against three other DeVry University students.

94.    Plaintiff filed the underlying initial federal civil complaint in this US District Court for the Northern District Court of Illinois under the Civil Case Docket No.19-cv-05567 in USDC-N.Ill against DeVry University, its Keller Graduate School of Management, and its associates (attached as Ex.L). Plaintiff named about twenty-six (26) DeVry-affiliated defendants.

95.    Specifically, the 26 defendants Plaintiff sued in the underlying first complaint in this Court that is attached herewith as Exhibit "L" includes three (3) other DeVry University students, namely: Mr. Sean Mr. Mulhern, Mr. Huynh Thanh Ho, and Ms. Ibironnke Majekodunmi. These are students in the DeVry MBA degree program.

96.    Plaintiff believes and therefore avers that there is a causal link between suing those three (3) students and DeVry and separating Plaintiff from all other matriculated DeVry MBA degree-seeking students for Plaintiff to take Math 533 as an independent study course on his own *without* other students so that plaintiff does not mingle with DeVry students again.

97.    Plaintiff believes and therefore avers that it is speculative for DeVry to think that if Plaintiff gets enrolled in Math 533 with other students in the class, then Plaintiff might sue those students or the entire class just like he sued three students in this Court in the underlying complaint.

98.    So, the adverse action is to deprive Plaintiff from mingling and interacting with the DeVry academic community while taking Math 533.

*Plaintiff's Complaint.*

99.     Just because Plaintiff exercised his legitimate legal right to sue three DeVry students within the underlying ongoing lawsuit in this Court does not permit DeVry to treat Plaintiff differently from all other similarly-situated matriculated MBA degree seeking DeVry students in the course registration, course format, and course requirements of Math 533.

100.    Just because Plaintiff exercised his legitimate legal right to sue three DeVry students in the underlying first lawsuit in this Court does not confer any preemption or excuses upon DeVry to abrogate, abjure, abnegate, or obviate from its obligations to Plaintiff who is equally a student, consumer, or similarly-situated matriculated MBA degree seeking DeVry student.

101.    Plaintiff is part of all similarly-situated matriculated DeVry MBA degree seeking students are required to take Math 533 class with all other students in class sections that consist of 20-40 capacity for students. Yet, DeVry singled out Plaintiff Livingstone from all other matriculated DeVry MBA degree seeking students and registered Plaintiff for Math 533 as an independent study course to complete it on his own without other students.

102.    Plaintiff has a legitimate legal right to sue anybody including DeVry Students in this Court absent sovereign immunity, qualified immunity, absolute immunity, judicial immunity, or other immunities.

103.    Plaintiff has a legitimate legal right to sue anybody including DeVry Students without any facing any reprisal for exercising that right in this Court.

104.    Plaintiff has a legitimate legal right of access to this Court to sue anybody including Mr. Donald Trump, former President of the United States, for example, much less "DeVry University Students," without being retaliated against in the form of treating Plaintiff differently by separating him from all other students to take Math 533 on his own.

*Plaintiff's Complaint.*

*105.* DeVry was at liberty to determine how Plaintiff takes the Math 533 course because how to take Math 533 at DeVry is already informed and instructed by the binding contractual DeVry University Academic Catalog (Exhibit C).

*106.* The contractual DeVry University academic catalog is informative, instructive, and controlling about how Math 533 class should be taken and completed by every similarly-situated matriculated MBA degree-seeking students at DeVry in order to graduate.

*107.* The binding contractual DeVry University catalog does not authorize DeVry to register Plaintiff in the Math 533 class as a mandatory independent study course.

*108.* DeVry is treating Plaintiff differently in reprisal for suing three other DeVry students in this Court because the custom and practice under the contractual DeVry University Catalog is that all DeVry students are required to take Math 533 in class sections together with 20-40 similarly-situated matriculated DeVry MBA degree seeking students enrolled in every Math 533 class section.

*109.* The November 2020 settlement provision governing Math 533 says this: "Mr. Livingstone must retake Math 533 class…" The settlement agreement ***does not* say** this: "Mr. Livingstone must retake Math 533 class as *independent* study class."

*110.* During the November 2020 settlement proceedings, DeVry was expected and required to make full, accurate, and complete disclosure of all material terms about Math 533 class including the fact that Math 533 was going to be offered to Plaintiff to take the course all over again as independent study course.

*111.* By saying in December 2020 *after* the settlement contracting in November 2020 that Plaintiff is required to take Math 533 class as an *independent* study course unlike every other similarly-situated matriculated DeVry MBA degree seeking students, DeVry has impermissibly

*Plaintiff's Complaint.*

introduced a counter-offer, a new term, and a new condition which the settlement agreement does not authorize, so that DeVry can use it as an avenue to retaliate against Plaintiff by treating him differently and separating him from all other similarly-situated matriculated MBA degree seeking students at DeVry.

*112.* The contractual DeVry academic catalog neither authorizes nor requires Plaintiff to take Math 533 as independent study course.

*113.* Absolutely no part of the settlement agreement shows that Plaintiff agreed to take Math 533 as independent study course by himself without other similarly-situated matriculated DeVry Students whereby Plaintiff will be doing discussion postings by himself as described in the University's registration email that is attached herewith as Exhibit "R."

*114.* Plaintiff is a similarly-situated matriculated MBA degree seeking student at DeVry who is equally bound by the contractual DeVry University Academic Catalog like every other DeVry student.

*115.* Notwithstanding the settlement in the underlying federal case, the DeVry University academic catalog is equally a binding contract between Plaintiff and DeVry including how to take Math 533. The catalog does not authorize or permit DeVry to register any of its students in Math 533 as independent study class.

*116.* During the November 2020 contracting of the settlement agreement, the parties never contemplated or agreed to deviate from the contractual imperatives of the DeVry University academic catalog.

*117.* DeVry is treating Plaintiff differently in reprisal for exercising his legitimate legal right to sue three DeVry students in this Court in the underlying complaint because the contractual DeVry University Academic Catalog does not authorize DeVry to register any

*Plaintiff's Complaint.*

matriculated MBA degree-seeking students at DeVry to complete the Math 533 as independent study course on their own without other students in the class.

118.    The pertinent parts of the settlement agreement in the underlying case between the parties that was executed in November 2020 provides the following settlement term No. 4 about Math 533 class:

> …Mr. Livingstone must retake Math 533 in order to graduate from DeVry, unless DeVry determines otherwise in which case he may only need to complete the coursework not yet completed in Math 533….

119.    Notwithstanding the fact that Plaintiff sent a number of emails to defense counsel asking about Math 533 course registration before signing the settlement agreement in November 2020, it was ***after* all** the November 2020 settlement agreement contracting when DeVry sent email dated Wednesday, **December 2**, 2020 at 6:13 PM (attached herewith as Exhibit "P" ) disclosing for the first time that DeVry will provide the Math 533 class as ***Independent study course*** for Plaintiff alone unlike other similarly-situated matriculated MBA degree-seeking students at DeVry taking the course in groups of 20-40 students.

120.    DeVry is treating Plaintiff differently in reprisal for suing three other students in the underlying case because none of the numerous classes Plaintiff has completed at DeVry were offered and completed as independent study courses at all. At all times during the pursuit of his academic work at DeVry, all the graduate courses Plaintiff has completed at DeVry were offered and completed with about 20-40 other students as members of the class.

121.    DeVry is treating Plaintiff differently with reprisal after suing three other students in the underlying case because when Plaintiff took Math 533 in November 2018 session at DeVry, it was *not* a mandatory independent study class.

*Plaintiff's Complaint.*

122.    During the November 20, 2020 settlement conference in this Court, DeVry did not make full disclosure of this material fact regarding providing Math 533 class as *independent study* class for Plaintiff to complete it by himself while all other similarly-situated matriculated DeVry graduate students in the MBA program complete the same Math 533 class with 20-30 students in their class.

123.    No part of the settlement term No.4 *supra* says DeVry will provide Math 533 as independent study class for Plaintiff to complete it alone without other similarly-situated matriculated DeVry graduate students in the MBA program.

124.    No part of the settlement agreement shows that Plaintiff agreed to take Math 533 as independent study course by himself without other similarly-situated matriculated DeVry students including a different format whereby Plaintiff will be doing discussion postings by himself as described in the University's registration email that is attached herewith as Exhibit "R."

125.    To the extent that DeVry may claim that registering Plaintiff for Math 533 as an independent study course for Plaintiff to take the course by himself unlike all other similarly-situated matriculated DeVry MBA students is a *contingency* factor that is not required to appear on the face of the settlement agreement, Plaintiff avers that *contingency* is not applicable to generally established principles governed by Law, where, as here, DeVry's contractual academic catalog is a pre-existing forceful, instructive, and controlling contract, which does not authorize DeVry to register any of its matriculated MBA students to take Math 533 class as mandatory independent study course.

126.    Plaintiff avers that DeVry now telling him *after* the November 2020 settlement proceedings on December 2, 2020 to take Math 533 class as independent study course is not a

*Plaintiff's Complaint.*

feasible contingency factor that arose after the November 2020 settlement agreement because factors that are contingency are not factors that abrogate strong public policy. Deviating from the provisions of contractual DeVry University Academic Catalog is against string public policy.

127.    Even if this Court grants his pending motion to strike and quash the settlement agreement later on, it does not exonerate DeVry from this instant retaliation cause of action because the events leading to the injury and the irreparable gap created within Plaintiff's education for the period of January 2021 - February 2021 session and future indelible gaps stem from the binding effect and operations of that settlement agreement *at that time.*

128.    It is DeVry University's course registration policy that if a student does not attend a class for the first two (2) weeks of registration, then the class will be automatically dropped (*see* Exhibit "S").

129.    Inasmuch as Plaintiff did not authorize DeVry at all to register him for Math 533 course as independent study course, Plaintiff declined to attend the Math 533 class as independent study class during the January 2021-February 2021 session.

130.    By email dated Monday January 18, 2021 at 4:08 AM, DeVry University informed Plaintiff that Plaintiff is automatically dropped from the Math 533 independent study course for the January 2021- February 2021 session (*see* Exhibit "T"); thereby, creating an irreparable and indelible gap within Plaintiff's education.

131.    Plaintiff has a special interest in his continued education undeterred.

132.    Plaintiff was entitled to continue his graduate education during the January - February 2021 session at DeVry seamlessly and undeterred without gaps within his continued education by way of normal enrollment and registration of the Math 533 class with every other matriculated DeVry graduate student in the MBA program.

*Plaintiff's Complaint.*

*133.*     Plaintiff was entitled to normal enrollment and normal course registration of the

Math 533 class, not as independent study course for Plaintiff to do the course alone without

interaction with the academic community.

*134.*     As a candidate for MBA degree, Plaintiff was entitled to graduate and he needed

to graduate for his MBA degree in a *timely fashion* after the January 2021-February 2021 session

with normal course registration of the Math 533 class and taking Math 533 class with every other

similarly-situated matriculated student of DeVry, not as independent study class for Plaintiff

alone.

*135.*     As a direct and proximate result of defendant's unlawful conduct as described

herein, an indelible and irreparable gap has now been created within Plaintiff's education for the

January 2021-February 2021 session and possible consecutive gaps with ripple effects all to

Plaintiff's detriment.

*136.*     By direct and proximate cause of defendant's and unlawful conduct, DeVry has

created an indelible gap within Plaintiff's continued education which in turn interferes with

Plaintiff's prospective contracts such as another indelible delay of timely enrollment and

completion of a six-year dual doctorate degree program (PhD-JD) in Neuroscience (PhD) and

Law (JD) at Vanderbilt University, Tennessee, for example. [5]

*137.*     As a further direct and proximate result of Defendant's unlawful conduct as

described herein, Plaintiff was erroneously deprived of his continued education and he has

otherwise sustained legal injury and informational injury, including, but not limited to: (i)

student loans getting into repayment because of lack of in-school determent or shortening

allotted time of in-school determent; and other costs and expenses; (ii) and lost wages in the form

---

[5]          https://www.lawneuro.org/

*Plaintiff's Complaint.*

of future earnings and salary over $80,000, the value of lost future benefits (including, but not limited to, health, pension, profit sharing, and other earnings-type benefits) that Plaintiff would have received had Plaintiff not been unlawfully registered for Math 533 as independent study class and thereby deprived of future educational and professional opportunities.

138.    As a further direct and proximate result of Defendant's unlawful conduct as described herein, Plaintiff was caused to suffer other, non-economic losses, all to Plaintiff's great financial, psychological, and emotional detriment and loss, including, but not limited to, loss of:

i)   the opportunity to study Law and Neuroscience and attain a dual PhD/JD degree on time in Vanderbilt University;

ii)  the honor and prestige of being a Lawyer and Neuroscientist; and

iii)  the feeling of self-worth that comes with serving an important societal purpose such as advocacy for increases in Neuroscientific evidence in court cases.

139.    As a further direct and proximate cause of the erroneous deprivation of continued education and indelible gap and created within Plaintiff's education, Plaintiff has been deprived from making securing a timely salaried employment to make enough money to remit his retired, aged, sick, and dying parents in Africa who look up to him as their hope in America as their only Son who made it to America. Plaintiff has therefore been deprived of the self-worth that comes from the cultural and religious imperative of taking care of one's aged parents.

140.    As a further direct and proximate result of Defendants' unlawful conduct as described herein, Plaintiff has been caused and will continue indefinitely into the future to be caused severe mental anguish, humiliation, anxiety, stress, and emotional and/or psychological distress, all with associated physical symptoms.

*Plaintiff's Complaint.*

141.    WHEREFORE, Plaintiff Michael O. Livingstone demands judgment against

Defendant DeVry University, Inc., for compensatory damages, exemplary damages, treble

damages, and punitive damages in an amount in excess of **$50 million** to avoid ***remittur***

exclusive of interest and costs; an award of reasonable attorneys' fees, costs and other costs and

disbursements in this action; and such other and further relief as the Court may deem just and

equitable.

**COUNT TWO**
**BREACH OF CONTRACT;**
**(BREACH OF SETTLEMENT AGREEMENT)**
**Michael O. Livingstone v. DeVry University, Inc.**

142.    Plaintiff incorporates herein by reference each and every one of the allegations

contained in preceding paragraphs as though fully set forth at length herein.

143.    The conduct of defendants as set forth in the following paragraphs constitutes

conduct that allegedly breaches the underlying settlement contract agreement that was executed

orally before the Court and in writing between the parties over the first federal lawsuit.

144.    The pertinent parts of the oral and written settlement the parties executed on

November 20, 2020 in Court and during the written agreement (Exhibit "M") that was signed by

parties around November 30, 2020 provides under settlement term No. 4 regarding Math 533

course:

> …Mr. Livingstone must retake Math 533 in order to graduate from DeVry,
> unless DeVry determines otherwise in which case he may only need to
> complete the coursework not yet completed in Math 533...

145.    Notwithstanding the fact that Plaintiff sent a number of emails to DeVry's defense

counsel to inquire about Math 533 course registration before signing the settlement agreement in

November 2020, it was ***after*** all the November 2020 settlement agreement contracting when

DeVry sent email dated Wednesday, **December 2**, 2020 at 6:13 PM (attached herewith as

*Plaintiff's Complaint.*

Exhibit "P" ) disclosing for the first time that DeVry will provide the Math 533 class as **Independent study course** for Plaintiff alone unlike other similarly-situated matriculated MBA degree-seeking students at DeVry taking the course in groups of 20-40 students.

*146.*    During the November 20, 2020 court-mediated settlement conference, DeVry did not make full disclosure of this material fact regarding providing Math 533 class as a mandatory *independent study* course for Plaintiff to complete it by himself while all other similarly-situated matriculated DeVry graduate students in the MBA program complete the same Math 533 class together with other students.

*147.*    Plaintiff avers that he would not have settled the first lawsuit if this material information about taking Math 533 class as independent study course was disclosed during the settlement proceedings and contracting.

*148.*    After the November 2020 settlement proceedings, DeVry registered Plaintiff for Math 533 for the January-February 2021 session as independent online study course for Plaintiff to do the class on his own without other similarly-situated matriculated DeVry graduate students in the MBA program.

*149.*    No part of the settlement terms pertaining to Math 533 says Math 533 will be provided as a mandatory independent study course for Plaintiff to complete it alone without other similarly-situated matriculated DeVry MBA degree seeking graduate students.

*150.*    No part of the settlement agreement shows that Plaintiff agreed to take Math 533 class as independent study course without other similarly-situated matriculated DeVry Students including doing discussion postings by himself as described in the University's email attached herewith as Exhibit "R."

*Plaintiff's Complaint.*

*151.*    Plaintiff avers that registering him for Math 533 as independent study class unlike all other similarly-situated matriculated DeVry MBA students alone is not a *contingency* factor because contingency is not applicable to generally established term that are governed by Law and public policy, where, as here, DeVry University's contractual Academic Catalog (Exhibit " L") is equally a pre-existing forceful, instructive, and controlling contract. The catalog does not authorize DeVry to forcibly register any of its matriculated MBA students for Math 533 as independent study class.

*152.*    DeVry was not at liberty to determine how Plaintiff completes Math 533 including taking it as a mandatory independent study course because the settlement provision governing Math 533 explicitly says that Plaintiff "must retake Math 533 class…." The settlement agreement does not specify that Math 533 was going to be an independent study course for Plaintiff to complete it alone *without* other similarly-situated matriculated DeVry graduate students in the MBA program.

*153.*    How Math 533 course is taken by all other DeVry MBA students is governed and authorized by the contractual DeVry University academic catalog (Exhibit "L"). Universities like DeVry are required to comply with their published academic catalogs.

*154.*    In November 2020, the parties contracted within the same settlement agreement under Provision No.12 to comply with the "laws of the State of Illinois and Federal Laws" in the performance, interpretation, performance, and enforcement of the settlement where the settlement contract says this:

> 12.**Applicable Law.**
> This Agreement and all questions relating to its validity, interpretation,
> performance and enforcement (including, without limitation, provisions
> concerning limitations of actions),will be governed by and construed in
> accordance with the laws of the State of Illinois and Federal Laws, as applicable...

*Plaintiff's Complaint.*

155.    Applying that settlement provision No.12 in consonance to the instant issues regarding Math 533 class, the parties agreed to comply with the Law in the interpretation and performance of the Math 533 settlement term. The law requires DeVry not to deviate from its binding contractual academic catalogs governing Math 533. So, the parties agreed to use the catalog to interpret and perform what "Mr. Livingstone must retake Math 533" in the settlement contract means. DeVry academic catalog does not authorize DeVry to register Plaintiff for Math 533 as an independent study course separate from all other similarly-situated matriculated DeVry graduate students in the MBA program.

156.    To the extent that DeVry may claim that DeVry was at liberty to register Plaintiff for Math 533 as a mandatory independent study course, that is not true because the parties never contemplated to use the settlement agreement to abrogate the Law. The Law in turn requires DeVry to comply with the contractual academic catalog. The catalog in turn specifies how Math 533 class is offered to every other DeVry MBA degree seeking student; and the catalog does not authorize DeVry to register any student for Math 533 as independent study course.

157.    Plaintiff avers that even if the Court grants his pending motion to strike and quash the settlement agreement (Exhibit "M") later on in the underlying first lawsuit, it does not exonerate DeVry from this cause of action because the events leading to the injury and the irreparable gap created within Plaintiff's education for the January 2021 - February 2021 session stems from the operations of that settlement agreement *at that time.*

158.    It is the University's course registration policy that if a student does not attend a registered class from the first two (2) weeks of registration, then the class will be automatically dropped (*see* Exhibit "S").

*Plaintiff's Complaint.*

159.    By email dated Mon, Jan 18, 2021 at 4:08 AM, DeVry University informed Plaintiff that DeVry has automatically dropped him from the Math 533 independent study class for the January 2021- February 2021 session (*see* Exhibit "T"); thereby, creating an irreparable and indelible gap within Plaintiff's education.

160.    Plaintiff has a special interest in his continued education undeterred.

161.    Plaintiff was entitled to seamlessly continue his graduate education during the January -February 2021 session at DeVry without gaps within his continued education by normal enrollment and registration of the remaining Math 533 class with every other matriculated DeVry graduate student in the MBA program.

162.    Plaintiff was entitled to continue his graduate education in January 2021 undeterred together with every other similarly-situated matriculated student of DeVry with normal enrollment and normal course registration of the Math 533, not as independent study solo class for Plaintiff to do the class alone.

163.    As a candidate for MBA degree, Plaintiff was entitled to graduate for his degree and he needed to graduate for his MBA degree in a *timely fashion* after the January 2021 - February 2021 session with normal course registration of the Math 533 class and taking Math 533 class with every other similarly-situated matriculated student of DeVry, not as independent study class for Plaintiff alone.

164.    As a direct and proximate result of defendants' unlawful conduct as described herein, an indelible and irreparable gap has now been created within Plaintiff's education for the January 2021-Februray 2021 session with ripple effects all to Plaintiff's detriment.

*Plaintiff's Complaint.*

165.    As a further direct and proximate result of Defendants' unlawful conduct as described herein, Plaintiff was erroneously deprived of his continued education and he has otherwise sustained legal injury, including, but not limited to:

i)   student loans getting into repayment because of lack of in-school determent or shortening allotted time of in-school determent; and other costs and expenses; and

ii)  lost wages in the form of future earnings and salary, the value of lost future benefits (including, but not limited to, health, pension, profit sharing, and other earnings-type benefits) that Plaintiff would have received had Plaintiff not been unlawfully registered for the Math 533 class as independent study class and thereby deprived of future educational and professional opportunities.

166.    As a further direct and proximate result of Defendants' unlawful conduct as described herein, Plaintiff was caused to suffer other, non-economic losses, all to Plaintiff's great financial, psychological, and emotional detriment and loss, including, but not limited to, loss of:

i)   the diminished likelihood that he will be able to attend Law School or prestigious Law School, which has been his objective;

ii)  the opportunity to study Law and attain an J.D. degree on time;

iii) the honor and prestige of being a Lawyer;

iv)  the feeling of self-worth that comes with serving an important societal purpose.

167.    As a further direct and proximate result of Defendants' unlawful conduct as described herein, Plaintiff has been caused and will continue indefinitely into the future to be caused severe mental anguish, humiliation, anxiety, stress, and emotional and/or psychological distress, all with associated physical symptoms.

*Plaintiff's Complaint.*

168.    WHEREFORE, Plaintiff Michael O. Livingstone demands judgment against Defendant DeVry University, Inc., for compensatory damages, exemplary damages, treble damages, and punitive damages in an amount in excess of **$40million** to avoid *remittur* exclusive of interest and costs; an award of reasonable attorneys' fees, costs and other costs and disbursements in this action; and such other and further relief as the Court may deem just and equitable.

## COUNT THREE
## BREACH OF DEVRY UNIVERSITY CONTRACTUAL ACADEMIC CATALOG;
## BREACH OF CONTRACT
## <u>Michael O. Livingstone v. DeVry University, Inc.</u>

169.    Plaintiff incorporates herein by reference each and every one of the allegations contained in preceding paragraphs as though fully set forth at length herein with the same effect.

170.    The conduct of defendants as set forth constitutes conduct that recklessly disregards the mandates of law in the manner described in the following paragraphs.

171.    DeVry University academic catalog is a binding contractual document that governs the relationship between Plaintiff and DeVry regardless of settlement agreement or in tandem with the settlement agreement.

172.    Both Plaintiff and DeVry are legally and contractually bound to follow the provisions of the contractual DeVry University academic catalog including the catalog's provisions regarding Math 533 course.

173.    DeVry failed to abide by its representations and promises to Plaintiff in the contractual DeVry University academic catalog regarding how Math 533 should be taken and completed by all matriculated MBA degree seeking students at DeVry.

*Plaintiff's Complaint.*

174.    The binding contractual DeVry University academic catalog is a pre-existing operative contract that is informative, instructive, and controlling regarding how Math 533 should be completed by all similarly-situated matriculated MBA degree-seeking students at DeVry in order to graduate.

175.    The binding contractual DeVry University academic catalog does not authorize DeVry to single out Plaintiff or any other similarly-situated matriculated MBA degree-seeking students at DeVry to complete Math 533 as mandatory independent study course on their own without interacting with the academic community.

176.    The parties never contemplated to abrogate, obviate, divert, or deviate from the contractual provisions of the DeVry University academic catalog during the November 2020 settlement proceedings and contracting of the settlement agreement.

177.    The pertinent parts of the November 2020 settlement agreement provides the following settlement term No. 4 about Math 533 course:

> …Mr. Livingstone must retake Math 533 in order to graduate from DeVry, unless DeVry determines otherwise in which case he may only need to complete the coursework not yet completed in Math 533….

178.    The settlement term governing Math 533 explicitly says this: "Mr. Livingstone must retake Math 533 class…". The settlement term *does not* say: "Mr. Livingstone must retake Math 533 class as *independent* study class."

179.    DeVry was not at liberty to determine how Plaintiff takes Math 533 class because how to take Math 533 class at DeVry is already contractually informed and instructed by the DeVry University academic catalog.

*Plaintiff's Complaint.*

*180.*     The DeVry academic catalog does not authorize DeVry to provide Math 533 as an independent study course for Plaintiff or any similarly-situated matriculated MBA degree seeking student.

*181.*     All DeVry students take the Math 533 in class sections comprising of groups of 20-40 similarly-situated matriculated DeVry MBA degree seeking students enrolled in each section.

*182.*     Notwithstanding the fact that Plaintiff sent a number of emails to DeVry's defense counsel inquiring about Math 533 course registration *before* signing the settlement agreement in November 2020, it was ***after*** the November 2020 settlement agreement contracting when DeVry sent email dated Wednesday, **December 2**, 2020 at 6:13 PM (attached herewith as Exhibit "P" ) disclosing for the first time that DeVry will provide the Math 533 class as ***Independent study course*** for Plaintiff alone unlike other similarly-situated matriculated MBA degree-seeking students at DeVry taking the course in groups of 20-40 students.

*183.*     None of the many classes Plaintiff has completed at DeVry were offered and completed as independent study course. All the 30 graduate classes Plaintiff has completed at DeVry were offered and completed with about 20 student members in the class.

*184.*      When Plaintiff took Math 533 in November 2018 session at DeVry, it was not an independent study course.

*185.*     During the November 20, 2020 court-mediated settlement conference, DeVry did not make full disclosure of this material fact regarding providing Math 533 class as *independent study* class for Plaintiff to complete it by himself while all other similarly-situated matriculated DeVry graduate students in the MBA program complete the same Math 533 class with other students in their class.

*Plaintiff's Complaint.*

*186.* No part of the settlement provision No.4 *supra* says DeVry will provide Math 533 as independent study course for Plaintiff to complete it alone without other similarly-situated matriculated DeVry graduate students in the MBA program.

*187.* No part of the settlement agreement shows that Plaintiff agreed to take Math 533 as independent study course by himself without other similarly-situated matriculated DeVry students including Plaintiff doing discussion postings by himself as described in the University's registration email that is attached herewith as Exhibit "R."

*188.* Inasmuch as there is preexisting binding contractual academic catalog, *contingency* is not applicable because generally established factors that are governed by the contractual catalog, Law, and public policy are not contingency factors.

*189.* DeVry contractual academic catalog is a pre-existing forceful contract. The catalog does not authorize DeVry to register Plaintiff or any of its matriculated MBA students to take Math 533 class as independent study course.

*190.* By saying in December 2020 after the settlement contracting in November 2020 that Plaintiff will need to take the Math 533 class an independent study course without other students, DeVry impermissibly added another term and *condition* to the contractual catalog.

*191.* Inasmuch as both DeVry academic catalog contract and the settlement contract does not require any student to take Math 533 as independent study course, DeVry has impermissibly introduced a new term and condition that amounts to a *material term or* counter-offer into the contractual catalog.

*192.* In November 2020, the parties contracted within the same settlement agreement under Provision No.12 to comply with the "laws of the State of Illinois and Federal Laws" in the

*Plaintiff's Complaint.*

performance, interpretation, performance, and enforcement of the settlement where the settlement contract says:

> 12.**Applicable Law.**
> This Agreement and all questions relating to its validity, interpretation, performance and enforcement (including, without limitation, provisions concerning limitations of actions),will be governed by and construed in accordance with the laws of the State of Illinois and Federal Laws, as applicable...

*193.* Applying that settlement provision No.12 in tandem to the instant settlement term regarding Math 533 class, the parties agreed to comply with the Law in the interpretation, and performance of the Math 533 settlement term. Hence, the law requires DeVry not to deviate from its binding contractual academic catalogs governing Math 533.

*194.* The parties therefore essentially agreed *not* to deviate from the catalog to interpret and perform what "Mr. Livingstone must retake Math 533" in the settlement contract means..

*195.* DeVry was not at liberty to register Plaintiff for Math 533 as an independent study course because the parties never contemplated to use the settlement agreement to abrogate the Law; the Law in turn requires DeVry to comply with the contractual academic catalog; the catalog in turn specifies how Math 533 class is offered to every other similarly-situated DeVry MBA students; and the catalog does not authorize DeVry to register any student for Math 533 as independent study course.

*196.* Plaintiff avers that even if this Court grants his pending motion to strike and quash the settlement agreement later on, it does not exonerate DeVry from this cause of action because the events leading to the injury and the irreparable gap created within Plaintiff's education for the January 2021 - February 2021 session stems from the operations of that settlement agreement *at this point in time.*

*Plaintiff's Complaint.*

197.     It is the University's course registration policy that if a student does not attend a registered class from the first two (2) weeks of registration, then the class will be automatically dropped (*see* Exhibit "S").

198.     By email dated Mon, Jan 18, 2021 at 4:08 AM, DeVry University informed Plaintiff that Plaintiff has been automatically dropped from the Math 533 independent study class which DeVry registered him for the January 2021- February 2021 session (*see* Exhibit "T"); thereby, creating an irreparable and indelible gap within Plaintiff's education.

199.     Plaintiff has a special interest in his continued education undeterred.

200.     Plaintiff was entitled to seamlessly continue his graduate education during the January -February 2021 session at DeVry without gaps within his continued education by normal enrollment and registration of the remaining Math 533 class with every other matriculated DeVry graduate student in the MBA program consistent with the academic catalog.

201.     Plaintiff was entitled to continue his graduate education in January 2021 undeterred together with every other similarly-situated matriculated student of DeVry with normal enrollment and normal course registration of the Math 533 class, not as independent study solo class for Plaintiff to do the class alone.

202.     As candidate for MBA degree, Plaintiff was entitled to graduate for his degree and he needed to graduate for his MBA degree in a *timely fashion* after the January 2021 - February 2021 session with normal course registration of the Math 533 class and taking Math 533 class with every other similarly-situated matriculated student of DeVry, not as independent study course for Plaintiff alone.

*Plaintiff's Complaint.*

203.    As a direct and proximate result of defendants' unlawful conduct as described herein, an indelible and irreparable gap has now been created within Plaintiff's education for the January 2021-Februray 2021 session with ripple effects all to Plaintiff's detriment.

204.    As a further direct and proximate result of Defendants' unlawful conduct as described herein, Plaintiff was erroneously deprived of his continued education and he has otherwise sustained legal injury, including, but not limited to:

i)    student loans getting into repayment because of lack of in-school determent or shortening allotted time of in-school determent; and other costs and expenses; and

ii)    lost wages in the form of future earnings and salary, the value of lost future benefits (including, but not limited to, health, pension, profit sharing, and other earnings-type benefits) that Plaintiff would have received had Plaintiff not been unlawfully registered for the Math 533 class as independent study class and thereby deprived of future educational and professional opportunities.

205.    As a further direct and proximate result of Defendant's unlawful conduct as described herein, Plaintiff was caused to suffer other, non-economic losses, all to Plaintiff's great financial, psychological, and emotional detriment and loss, including, but not limited to, loss of:

a)    the diminished likelihood that he will be able to attend Law School or prestigious Law School, which has been his objective;

b)    the opportunity to study Law and attain an J.D. degree on time;

c)    the honor and prestige of being a Lawyer;

d)    the feeling of self-worth that comes with serving an important societal purpose.

206.    As a further direct and proximate result of Defendant's unlawful conduct as described herein, Plaintiff has been caused and will continue indefinitely into the future to be

*Plaintiff's Complaint.*

caused severe mental anguish, humiliation, anxiety, stress, and emotional and/or psychological distress, all with associated physical symptoms.

207.    WHEREFORE, Plaintiff Michael O. Livingstone demands judgment against Defendant DeVry University, Inc., for compensatory damages, exemplary damages, treble damages, and punitive damages in an amount in excess of $40 million exclusive of interest and costs; an award of reasonable attorneys' fees, costs and other costs and disbursements in this action; and such other and further relief as the Court may deem just and equitable.

## COUNT FOUR
## HIGHER EDUCATION LAW
### Michael O. Livingstone v. DeVry University, Inc.

208.    Plaintiff incorporates herein by reference each and every one of the allegations contained in preceding paragraphs as though fully set forth at length herein with the same effect.

209.    The conduct of defendants as set forth hereinabove constitutes alleged conduct that recklessly and wantonly disregards the mandates of higher education law in the manner described in the following paragraphs.

210.    Plaintiff avers that that the principles of higher education law control the interpretation and performance of the settlement agreement pertaining to Math 533 because in November 2020, the parties contracted within the same settlement agreement under Provision No.12 to comply with the "laws of the State of Illinois and Federal Laws" in the performance, interpretation, performance, and enforcement of the settlement where the settlement agreement says this:

12. **Applicable Law.**
This Agreement and all questions relating to its validity, interpretation, performance and enforcement (including, without limitation, provisions

*Plaintiff's Complaint.*

concerning limitations of actions),will be governed by and construed in accordance with the laws of the State of Illinois and Federal Laws, as applicable...

211.    Applying that settlement provision No.12 in consonance to the instant settlement provision at issue regarding Math 533 class, that means the parties agreed to comply with higher education law in the interpretation and performance of Math 533 settlement terms, where higher education law requires DeVry not to deviate from its binding contractual academic catalog, which also governs how Math 533 class should be taken.

212.    The parties essentially agreed to use the contractual DeVry academic catalog to interpret and perform what it means when the settlement agreement says: "Mr. Livingstone must retake Math 533." Here, the DeVry academic catalog does not authorize DeVry to register Plaintiff for Math 533 class as an independent study class separate from all other similarly-situated matriculated DeVry graduate students in the MBA program.

213.    Plaintiff avers that the principles of higher education law are still binding with equal and full force between the parties including compliance with the University catalog's provisions regarding Math 533 regardless of settlement because the parties expressly agreed in the settlement contract to comply with the law in the performance and interpretation of the settlement terms.

214.    Plaintiff avers that the mandates of higher education law does not permit DeVry University to change the requirements of a degree and the contents of a course from the academic catalog year of his 2015 matriculation.

215.    Plaintiff was matriculated in 2015 at DeVry University.

216.    DeVry claims after the November 2020 settlement contracting that Math 533 course content has been ***updated*** from the time Plaintiff first took the class in November 2018 and so Plaintiff must retake the Math 533 class all over again instead of re-opening the previous

*Plaintiff's Complaint.*

November 2018 Math 533 class for Plaintiff to submit the outstanding coursework to change the default fail grade.

217.　DeVry is talking about a new version of the course called Math **534.** However, Math **533** was the specific required course that was listed in Plaintiff's matriculation 2015-2016 DeVry University Catalog.

218.　DeVry has failed to abide by its representations and promises in the DeVry University academic catalog regarding how Math 533 class should be taken and completed by Livingstone, as well as the manner of course registration.

219.　Plaintiff avers that it is required under principles of higher education law that all sections of a course should be ***uniform*** in content, requirements, and evaluation standards for all similarly-situated matriculated MBA degree students at DeVry.

220.　The academic requirements of Math 533 which DeVry registered Plaintiff for the January 2021-February 2021 session was *not* uniform in content and requirements with all other sections of the same Math 533 course to the extent that the University created a different section of the same course for Livingstone alone as an independent study course unlike other students in the MBA program taking that class in groups.

221.　Specifically, the University stated within its email that the weekly discussions requirement of the Math 533 class "would run differently" (Exhibit R) for Plaintiff unlike the other sections of the same Math 533 class in which all other similarly-situated matriculated MBA degree students at DeVry were enrolled.

222.　Plaintiff avers that under principles of higher education law, students should authorize and perform their own course registration. The contractual DeVry University academic

catalog does not permit DeVry to register any student without the student's express authorization to take a course as an independent study course.

223.    The normal course registration practices or customs at DeVry provides that students register themselves for classes through DeVry University's online registration systems, or student sends an email to DeVry's student support center authorizing DeVry to register them for a class. An academic adviser then reviews the student's self-registration and advise the student whether prerequisites are necessary or not, for example.

224.    Plaintiff further avers that higher education law principles requires DeVry to proscribe and promulgate the catalog as a contractual document that governs the academic relationship and expectations between Plaintiff and DeVry.

225.    Both Plaintiff and DeVry are legally bound under higher education law principles and contractually bound to follow the provisions of the DeVry University academic catalog including the catalog's provisions regarding Math 533 course. DeVry deviated from the catalog to register plaintiff for Math 533 as independent study course.

226.    DeVry is not permitted to deviate from its contractual academic catalog.

227.    Nothing in the November 2020 settlement agreement within the underlying first lawsuit shows that the parties agreed to pre-empt or abrogate the mandates of the higher education law and the contractual DeVry University academic catalog.

228.    DeVry University academic catalog does not authorize DeVry to single out Livingstone from all other similarly-situated matriculated MBA degree-seeking students at DeVry to complete Math 533 as independent study course on their own without interacting with the academic community.

*Plaintiff's Complaint.*

229.   Plaintiff avers that the principles of higher education law are still binding with full force upon the parties in terms of Math 533 because during the November 2020 contracting of the settlement agreement, the parties never contemplated to abrogate, obviate, abnegate, abjure, or deviate from the contractual provisions of the DeVry University Academic Catalog.

230.   The pertinent parts of the November 2020 settlement agreement between the parties provides the following settlement term No. 4 about Math 533 class:

>…Mr. Livingstone must retake Math 533 in order to graduate from DeVry, unless DeVry determines otherwise in which case he may only need to complete the coursework not yet completed in Math 533….

231.   That settlement provision governing Math 533 explicitly says this: "Mr. Livingstone must retake Math 533 class…". The settlement agreement *does not* say, "Mr. Livingstone must retake Math 533 class as *independent* study class."

232.   DeVry was not at liberty to determine how Plaintiff takes Math 533 class because how to take Math 533 class at DeVry is informed and instructed by the DeVry University academic catalog. The catalog does not authorize DeVry to provide Math 533 class as an independent study course.

233.   All Math 533 class sections at DeVry consist of 20-40 similarly-situated matriculated DeVry MBA degree seeking students in each section.

234.   None of the numerous classes Plaintiff has previously completed at DeVry were offered and completed as independent study course. All the 30 graduate courses Plaintiff has completed at DeVry were offered and completed with about 20 students comprising the class.

235.   When Plaintiff took Math 533 in November 2018 session at DeVry, it was not an independent study course; there were about 20-30 other students enrolled with Plaintiff in the same class with the same Professor Dr. Henson-Mack.

*236.* Plaintiff never agreed to take Math 533 as independent study course by himself without other matriculated DeVry students including Plaintiff doing discussion postings by himself as described in the University's registration email that is attached herewith as Exhibit "R."

*237.* Contingency is not applicable here because generally established factors that are governed by Law, pre-existing contracts, strong public policy, are not contingency. In this case, the DeVry University academic catalog is a preexisting forceful, instructive, and controlling contract, which does not authorize DeVry to register Plaintiff to take Math 533 as independent study course.

*238.* Inasmuch as both the DeVry academic catalog and the settlement does not expressly require Plaintiff to take Math 533 as independent study course, DeVry has impermissibly introduced a new term and condition that amounts to a new *material term or* counter-offer into both the catalog with reckless disregard to the fact that higher education law requires DeVry to stick to preexisting terms in the academic catalog.

*239.* DeVry was not at liberty to register Plaintiff for Math 533 as an independent study course because the parties never contemplated to use the settlement agreement to abrogate the Law including higher education law. Higher education law in turn requires DeVry to comply with the contractual academic catalog without deviating from it. The catalog in turn specifies how Math 533 class is offered to every all other similarly-situated DeVry MBA students. The catalog does not authorize DeVry to register any student for Math 533 as independent study course.

*240.* Plaintiff avers that even if this Court grants his pending motion to strike and quash the settlement agreement later on, it does not exonerate DeVry from this cause of action

*Plaintiff's Complaint.*

because the events leading to the injury and the irreparable gap created within Plaintiff's education for the January 2021 - February 2021 session stems from the operations of that settlement agreement *at that time.*

241.     It is the University's course registration policy that if a student does not attend a registered class from the first two (2) weeks of registration, then the class will be automatically dropped (*see* Exhibit "S").

242.     Inasmuch as Plaintiff did not authorize DeVry to register him for Math 533 class as independent study course, Plaintiff declined to attend the Math 533 class as independent study class for the January-February 2021 session.

243.     By email dated Mon, January 18, 2021 at 4:08 AM, DeVry University informed Plaintiff that Plaintiff has been automatically dropped from the Math 533 independent study class which DeVry registered him for the January 2021- February 2021 session (*see* Exhibit "T"); thereby, creating an irreparable and indelible gap within Plaintiff's education.

244.     Plaintiff has a special interest in his continued education undeterred.

245.     Plaintiff was entitled to seamlessly continue his graduate education during the January -February 2021 session at DeVry without gaps within his continued education by normal enrollment and registration of the remaining Math 533 class with every other matriculated DeVry graduate student in the MBA program.

246.     Plaintiff was entitled to continue his graduate education in January 2021 undeterred together with every other similarly-situated matriculated student of DeVry with normal enrollment and normal course registration of the Math 533 class, not as independent study course for Plaintiff to do the class alone.

*Plaintiff's Complaint.*

247.    As a candidate for MBA degree, Plaintiff was entitled to graduate for his degree and he needed to graduate for his MBA degree in a *timely fashion* after the January 2021 - February 2021 session with normal course registration of the Math 533 class by taking Math 533 class with every other similarly-situated matriculated student of DeVry, not as independent study course for Plaintiff alone.

248.    As a direct and proximate result of defendant's unlawful conduct as described herein, an indelible and irreparable gap has now been created within Plaintiff's education for the January 2021-Februray 2021 session with ripple effects all to Plaintiff's detriment.

249.    As a further direct and proximate result of Defendants' unlawful conduct as described herein, Plaintiff was erroneously deprived of his continued education and he has otherwise sustained legal injury, including, but not limited to:

a)  student loans getting into repayment because of lack of in-school determent or shortening allotted time of in-school determent, other costs and expenses; and

b)  lost wages in the form of future earnings and salary of about $80,000, the value of lost future benefits (including, but not limited to, health, pension, profit sharing, and other earnings-type benefits) that Plaintiff would have received had Plaintiff not been unlawfully registered for the Math 533 class as independent study course and thereby deprived of future educational and professional opportunities.

250.    As a further direct and proximate result of defendant's unlawful conduct as described herein, Plaintiff was caused to suffer other, non-economic losses, all to Plaintiff's great financial, psychological, and emotional detriment and loss, including, but not limited to, loss of:

(i)  the diminished likelihood that he will be able to attend a prestigious Law School;

(ii) the opportunity to study law and attain an J.D. degree on time;

*Plaintiff's Complaint.*

(iii) the honor and prestige of being a Lawyer and Neuroscientist;

(iv) the feeling of self-worth that comes with serving an important societal purpose.

*251.* As a further direct and proximate result of defendant's unlawful conduct as described herein, Plaintiff has been caused and will continue indefinitely into the future to be caused severe mental anguish, humiliation, anxiety, stress, and emotional and/or psychological distress, all with associated physical symptoms.

*252.* WHEREFORE, Plaintiff Michael O. Livingstone demands judgment against Defendant DeVry University, Inc., for compensatory damages, exemplary damages, treble damages, and punitive damages in an amount in excess of $40 million exclusive of interest and costs; an award of reasonable attorneys' fees, costs and other costs and disbursements in this action; and such other and further relief as the Court may deem just and equitable.

**COUNT FIVE**
**Illinois Consumer Fraud and Deceptive Business Practices Act**
**(the Consumer Fraud Act)(815 ILCS 505/1 *et seq.*(West 1996)**
**<u>Michael O. Livingstone v. DeVry University, Inc.</u>**

*253.* Plaintiff incorporates herein by reference each and every one of the allegations contained in preceding paragraphs as though fully set forth at length herein with the same effect.

*254.* The conduct of defendant as set forth hereinabove allegedly constitutes conduct that disregards the mandates of Illinois Consumer Fraud and Deceptive Business Practices Act (the Consumer Fraud Act) (815 ILCS 505/1 *et seq* (West 1996) to the extent that Plaintiff is a DeVry student and **students are *consumers*** of the business, services, and products of DeVry University.

*Plaintiff's Complaint.*

255.    This cause of action stems from DeVry's failure to abide by its representations and promises that were published and advertised in the DeVry University catalog to prospective students and current matriculated students as consumers of educational products and services.

256.    DeVry marketed its MBA degree coursework requirements including Math 533 to Livingstone by publishing it in the Academic Catalog to attract the business and enrollment of Livingstone into DeVry's MBA degree program.

257.    DeVry never published, advertised, or presented in the academic catalog to Plaintiff that any of the required coursework for MBA degree program will be a mandatory independent study course.

258.    Livingstone has never been interested in independent study classes and he would not have patronized the business of DeVry if Math 533 course or any of the published course requirements for the DeVry MBA degree was going to be offered to him as mandatory independent study class throughout his academic pursuits.

259.    Based on the published degree requirements presented within the DeVry academic catalog to the public and consumers, which does not include any mandatory independent study course, Livingstone matriculated at DeVry in 2015.

260.    In December 2020, DeVry changed the course requirements for the MBA degree and the contents of the required Math 533 course despite what DeVry published and presented in the academic catalog year of Plaintiff's matriculation.

261.    To the extent that DeVry claims after the November 2020 settlement contracting that Math 533 course content has been updated from the time Plaintiff first took the class in November 2018 and so Plaintiff must take the Math 533 class all over again instead of re-opening the previous November 2018 Math 533 class for Plaintiff to submit the outstanding

*Plaintiff's Complaint.*

coursework to change the default fail grade, that claim fatally fails because Universities are supposed to adhere to their promises and course requirements presented in the published academic catalog year to consumers.

262.     DeVry has failed to abide by its representations and promises in the DeVry University academic catalog regarding how Math 533 class should be taken and completed by all similarly-situated matriculated MBA degree students at DeVry, as well as the manner of course registration.

263.     DeVry presented in its course registration systems and catalogs that all sections of a course would be *uniformly designed* in content, requirements, and evaluation standards for all similarly-situated matriculated MBA degree students at DeVry.

264.     Conversely, the academic requirements of Math 533 course which DeVry registered Plaintiff for the January 2021-February 2021 session was *not* uniform in content and requirements with all other sections of the same Math 533 course to the extent that the University created a different section of the same course for Plaintiff alone to take it as an independent study course unlike other students in the MBA program.

265.     Specifically, the University stated in its email that the weekly discussion requirement of the Math 533 course "would run differently" (Exhibit R) for Plaintiff unlike the other sections of the same Math 533 class in which all other similarly-situated matriculated MBA degree students at DeVry were enrolled.

266.     DeVry University Academic Catalog does not permit DeVry to register any student without the student's express authorization to take a course as an independent study course. Plaintiff never authorized DeVry to register him for Math 533 as independent study student.

*Plaintiff's Complaint.*

267.     Both Plaintiff and DeVry are legally and contractually bound to follow the advertised provisions of the DeVry University academic catalog including provisions regarding Math 533 course.

268.     DeVry is not permitted to deviate from its published academic catalog after attracting the business of Plaintiff Livingstone as a consumer of DeVry's MBA academic degree requirements.

269.     Nothing in the underlying November 2020 settlement agreement from the underlying first lawsuit shows that the parties agreed to abrogate the mandates of the contractual DeVry University academic catalog.

270.     During the November 2020 contracting of the settlement agreement in the underlying case, the parties never contemplated to abrogate, obviate, abnegate, abjure, or deviate from the advertised and published provisions of the DeVry University Academic Catalog.

271.     As a consumer and student, Plaintiff relied upon DeVry University academic catalog as a pre-existing operative contract that controls how Math 533 should be taken by all similarly-situated matriculated MBA degree-seeking students at DeVry in order to graduate.

272.     DeVry was not at liberty to determine how Plaintiff takes Math 533 class because how to take Math 533 class at DeVry is contractually informed and instructed by the DeVry University academic catalog. The catalog does not authorize DeVry to provide Math 533 class as an independent study course for any matriculated MBA degree seeking student.

273.     All DeVry students take Math 533 in sections of the course consisting of 20-40 similarly-situated matriculated DeVry MBA degree seeking students in each class section.

274.     All the 22 graduate courses Plaintiff has completed at DeVry were offered and completed with about 20 students in the class. When Plaintiff took Math 533 in November 2018

*Plaintiff's Complaint.*

session at DeVry, it was not an independent study course; there were about 20-30 other students enrolled with Plaintiff in the same class section with the same Professor Dr. Henson-Mack.

275.   Absolutely no part of the catalog and the settlement agreement provision No.4, *supra*, says DeVry will provide Math 533 as independent study course for Plaintiff to complete it without other matriculated MBA degree seeking DeVry students.

276.   Absolutely no part of the settlement agreement and the published catalog shows that Plaintiff agreed to take Math 533 class as independent study course by himself without other matriculated DeVry Students including Plaintiff doing discussion postings by himself as described in the University's registration email that is attached herewith as Exhibit "R."

277.   Inasmuch as both the DeVry academic catalog and the settlement does not expressly require any student to take Math 533 as independent study course, DeVry impermissibly introduced a new term and condition that amounts to a *material term or* counter-offer into the academic catalog and the settlement itself.

278.   In November 2020, the parties contracted within the same settlement agreement provision No.12 to comply with the "laws of the State of Illinois and Federal Laws" in the performance, interpretation, performance, and enforcement of the settlement where the settlement agreement says this:

> 12. **Applicable Law.**
> This Agreement and all questions relating to its validity, interpretation, performance and enforcement (including, without limitation, provisions concerning limitations of actions),will be governed by and construed in accordance with the laws of the State of Illinois and Federal Laws, as applicable...

279.   Applying that settlement provision No.12 in tandem to the instant settlement provision at issue regarding Math 533 class, that means the parties agreed to comply with consumer law in the interpretation and performance of the Math 533 settlement term, where consumer law requires DeVry not to deviate from its binding contractual academic catalog,

*Plaintiff's Complaint.*

which also governs how Math 533 class should be taken, and which does not authorize DeVry to register Livingstone for the Math 533 as independent study course.

280.    Plaintiff avers that even if the underlying settlement agreement is binding, then the same binding settlement agreement embraces and incorporates the principles of consumer law for the interpretation and performance of the settlement agreement pertaining to Math 533 because the parties agreed within the same binding settlement agreement to comply with all laws and strong public policy in the performance and interpretation of the settlement agreement.

281.    Plaintiff avers that consumer law requires DeVry to used its promises and representations in the University's advertised academic catalog to interpret and perform the settlement agreement that says in pertinent part: "Mr. Livingstone must retake Math 533."

282.    Plaintiff believes and therefore avers that the mandates of consumer law does not require DeVry to deviate from its representation in the academic catalog and register Plaintiff for Math 533 as an independent study course separate from all other similarly-situated matriculated DeVry graduate students in the MBA program.

283.    DeVry was at liberty to register Plaintiff for Math 533 class as an independent study course because the parties never contemplated to use the settlement agreement to abrogate the Law consumer law. Consumer law in turn requires DeVry to comply with the contractual academic catalog without deviating from it. The catalog in turn specifies how Math 533 class is offered to every all other DeVry MBA students. The catalog does not authorize DeVry to register any student for Math 533 as independent study course.

284.    It is DeVry's course registration policy that if a student does not attend a registered class from the first two (2) weeks of registration, then the class will be automatically dropped (*see* Exhibit "S").

*Plaintiff's Complaint.*

285.    Inasmuch as Livingstone did not authorize DeVry to register him for Math 533 class as independent study course, Livingstone declined to attend the Math 533 as independent study course for the January-February 2021 session.

286.    By email dated Monday January 18, 2021 at 4:08 AM, DeVry University informed Plaintiff that he is automatically dropped from the Math 533 independent study class which DeVry has registered him for the January 2021- February 2021 session (*see* Exhibit "T"); thereby, creating an irreparable and indelible gap within Plaintiff's education.

287.    Livingstone has a special interest in his continued education undeterred.

288.    Livingstone was entitled to seamlessly continue his graduate education during the January -February 2021 session at DeVry without gaps within his continued education by normal enrollment and registration of the remaining Math 533 class with every other matriculated DeVry graduate student in the MBA program.

289.    As a consumer and student of DeVry academic products, Livingstone was entitled to continue his graduate education in January 2021 undeterred together with every other similarly-situated matriculated student of DeVry with normal enrollment and normal course registration of the Math 533 class, not as independent study course for Plaintiff to do the class alone.

290.    As a consumer and student of DeVry academic products, Livingstone was entitled to graduate for his degree and he needed to graduate for his MBA degree in a *timely fashion* after the January 2021 -February 2021 session with normal course registration of the Math 533 class by taking Math 533 class with every other matriculated student of DeVry, not as independent study course for Plaintiff alone.

*Plaintiff's Complaint.*

291.    By direct and proximate result of defendant's unlawful conduct as described herein, an indelible and irreparable gap has now been created within Plaintiff's education for the January 2021-Februray 2021 session with ripple effects all to Plaintiff's detriment.

292.    As a further direct and proximate result of Defendants' unlawful conduct as described herein, Plaintiff was erroneously deprived of his continued education and he has otherwise sustained legal injury, including, but not limited to:

  a)  student loans getting into repayment because of lack of in-school determent or shortening allotted time of in-school determent, other costs and expenses; and

  b)  lost wages in the form of future earnings and salary of about $80,000, the value of lost future benefits (including, but not limited to, health, pension, profit sharing, and other earnings-type benefits) that Plaintiff would have received had Plaintiff not been unlawfully registered for the Math 533 class as independent study course and thereby deprived of future educational and professional opportunities.

293.    As a further direct and proximate result of defendant's unlawful conduct as described herein, Livingstone was caused to suffer other, non-economic losses, all to Plaintiff's great financial, psychological, and emotional detriment and loss, including, but not limited to, loss of:

  i)   the diminished likelihood that he will be able to attend a prestigious Law School;

  ii)  the opportunity to study law and attain an J.D. degree on time;

  iii) the honor and prestige of being a Lawyer and Neuroscientist; and

  iv)  the feeling of self-worth that comes with serving an important societal purpose.

294.    As a further direct and proximate result of defendant's unlawful conduct as described herein, Plaintiff has been caused and will continue indefinitely into the future to be

*Plaintiff's Complaint.*

caused severe mental anguish, humiliation, anxiety, stress, and emotional and/or psychological distress, all with associated physical symptoms.

295.    WHEREFORE, Plaintiff Michael O. Livingstone demands judgment against Defendant DeVry University, Inc., for compensatory damages, exemplary damages, treble damages, and punitive damages in an amount in excess of $40 million exclusive of interest and costs; an award of reasonable attorneys' fees, costs and other costs and disbursements in this action; and such other and further relief as the Court may deem just and equitable.

## COUNT SIX
## FALSE ADVERTISEMENT
## Michael O. Livingstone v. DeVry University, Inc.

296.    Plaintiff incorporates herein by reference each and every one of the allegations contained in preceding paragraphs as though fully set forth at length herein with the same effect.

297.    The conduct of defendant as set forth hereinabove allegedly amounts to false advertising by DeVry to Plaintiff Livingstone as a student *consumer* of the academic business, services, and products of DeVry University in the University's Academic Catalog regarding Math 533.

298.    This cause of action stems from DeVry's failure to abide by its publications, representations, and promises that were advertised in the DeVry University catalog to prospective students and current matriculated students as consumers of educational products and services.

299.    DeVry publicly advertised, presented, and marketed its MBA degree coursework requirements including the required Math 533 course to Livingstone by publishing it in the

*Plaintiff's Complaint.*

academic catalog to attract the business and enrollment of Livingstone into DeVry's MBA degree program.

300.     DeVry never published, advertised, or presented in the academic catalog that any of the required academic coursework for MBA degree program will be mandatory independent study course.

301.     Plaintiff does not have a learning style for independent study courses. Plaintiff has never been interested in independent study courses throughout his academic pursuits and he would not have patronized the business of DeVry if the Math 533 course or any of the published course requirements for the DeVry MBA degree program was going to be offered to him as mandatory independent study course.

302.     Based on the published degree requirements presented within the DeVry academic catalog to the public and consumers, which does not include any mandatory independent study courses, Livingstone matriculated at DeVry in 2015.

303.     In December 2020, DeVry changed the course requirements for the MBA degree and the contents of the required Math 533 course despite what DeVry published and presented within the academic catalog year of Plaintiff's 2015 matriculation and subsequent catalogs.

304.     After advertising the academic catalog and attracting Plaintiff's business, DeVry now claims after the November 2020 settlement contracting that Math 533 course content has been updated from the time Plaintiff first took the class in November 2018 and so Plaintiff must take Math 533 class all over again instead of re-opening the previous November 2018 Math 533 class for Plaintiff to submit the outstanding coursework to change the default fail grade. DeVry is supposed to adhere to its promises and course requirements advertised in the published academic catalog year to student consumers.

*Plaintiff's Complaint.*

305.    DeVry has failed to abide by its representations and promises in the advertised published academic catalog regarding how Math 533 class should be taken and completed by Plaintiff, as well as the manner of course registration.

306.    DeVry has deviated from its adverts to Plaintiff within its course registration systems and catalogs that all sections of the same course would be *uniformly designed* in content, requirements, and evaluation standards for all matriculated MBA degree students at DeVry.

307.    The academic requirements of Math 533 which DeVry registered Plaintiff for the January 2021-February 2021 session was *not* uniform in content and requirements with all other sections of the same Math 533 course to the extent that the University created a different section of the same course for Plaintiff alone to take it as an independent study course unlike other students in the MBA program.

308.    The University stated in its email that the weekly discussion requirement of the Math 533 course "would run differently" (Exhibit R) for Plaintiff unlike the other sections of the same Math 533 class in which all other similarly-situated matriculated MBA degree students at DeVry were enrolled.

309.    The advertised DeVry University Academic Catalog does not permit DeVry to register any student without the student's express authorization to take a course as an independent study course. Plaintiff never authorized DeVry to register him for Math 533 as independent study course.

310.    Both Plaintiff and DeVry are legally and contractually bound to follow the provisions of the advertised DeVry University academic catalog including the catalog's provisions regarding Math 533 course.

*Plaintiff's Complaint.*

*311.*    DeVry has deviated from its advertised academic catalog after attracting the business of Plaintiff Livingstone as a consumer of DeVry's advertised MBA academic degree requirements in the catalog.

*312.*    Nothing in the underlying November 2020 settlement agreement from the underlying first lawsuit shows that the parties agreed to abrogate the mandates of the contractual imperatives of the DeVry University advertised academic catalog about the requirements of the MBA degree program.

*313.*    During the November 2020 contracting of the settlement agreement in the underlying first federal case, the parties never contemplated to abrogate, obviate, abnegate, abjure, or deviate from the advertised provisions of the DeVry University academic catalog.

*314.*    As a consumer and student, Plaintiff relied upon the advertised DeVry University academic catalog as a pre-existing operative contract that controls how Math 533 would be provided by DeVry and should be taken by all matriculated MBA degree-seeking students at DeVry in order to graduate.

*315.*    DeVry was not at liberty to determine how Plaintiff takes Math 533 class because how to take Math 533 class at DeVry is contractually informed and instructed by the advertised and published DeVry University academic catalog, which does not authorize DeVry to provide Math 533 class as an independent study course for any matriculated MBA degree seeking student.

*316.*    All DeVry students take Math 533 in sections of the class consisting of 20-40 similarly-situated matriculated DeVry MBA degree seeking students in each class section and it is interactive.

*Plaintiff's Complaint.*

317.    All the graduate courses Plaintiff has completed at DeVry were offered and completed with about 20 students in the class. When Plaintiff took Math 533 in November 2018 session at DeVry, it was not an independent study course; there were about 20-30 other students enrolled with Plaintiff in the same class section with the same Professor Dr. Henson-Mack.

318.    Absolutely no part of the advertised academic catalog and the settlement agreement provision No.4, *supra*, says DeVry will provide Math 533 as independent study course for Plaintiff to complete it without other matriculated MBA degree seeking DeVry students.

319.    Absolutely no part of the published catalog shows that Plaintiff agreed to take Math 533 class as independent study course by himself without other matriculated DeVry students including Plaintiff doing discussion postings by himself as described in the University's registration email that is attached herewith as Exhibit "R."

320.    Inasmuch as the advertised and published DeVry academic catalog does not expressly require Plaintiff to take Math 533 as independent study course, DeVry has impermissibly introduced a new term and condition that amounts to a *material term or* counter-offer into the previously advertised academic catalog.

321.    In November 2020, the parties contracted within the same settlement agreement provision No.12 to comply with the "laws of the State of Illinois and Federal Laws" where the settlement agreement says this:

> 12.**Applicable Law.**
> This Agreement and all questions relating to its validity, interpretation, performance and enforcement (including, without limitation, provisions concerning limitations of actions),will be governed by and construed in accordance with the laws of the State of Illinois and Federal Laws, as applicable...

322.    Applying that settlement provision No.12 in consonance to the instant settlement provision at issue regarding Math 533, that means the parties agreed to comply with the law

*Plaintiff's Complaint.*

regarding false advertisement in the interpretation and performance of the Math 533 settlement term, whereby the laws against false advertising requires DeVry not to deviate from its binding contractual academic catalog, which also governs how Math 533 class should be taken, and which does not authorize DeVry to register Livingstone for Math 533 as independent study course.

323.    Plaintiff avers that even if the underlying settlement agreement is binding, then the same binding settlement agreement embraces and incorporates the principles against false advertising law as the instructive tool for the interpretation and performance of the settlement agreement pertaining to Math 533 because the parties agreed within the same binding settlement agreement to comply with all advertising laws and strong public policy in the performance and interpretation of the settlement agreement.

324.    Plaintiff avers that anti-false advertisement law requires DeVry to use its promises and representations in the University's advertised academic catalog to interpret and perform the settlement agreement that says in pertinent part: "Mr. Livingstone must retake Math 533."

325.    Plaintiff believes and therefore avers that the principles of false advertising laws prohibits DeVry from deviating from its representations in the advertised academic catalog by registering Plaintiff for Math 533 as an independent study course unlike all other similarly-situated matriculated DeVry graduate students in the MBA program.

326.    Even if DeVry claims that DeVry was at liberty to register Plaintiff for Math 533 class as an independent study course, that is not true because the parties never contemplated to use the settlement agreement to abrogate false advertisement law, which in turn requires DeVry to comply with the advertised academic catalog without deviating from it. The advertised

*Plaintiff's Complaint.*

academic catalog in turn specifies how Math 533 is offered to every all other DeVry MBA student. The advertised and published catalog does not authorize DeVry to register any student for Math 533 as independent study course.

327.     It is DeVry's general course registration policy that if a student does not attend a registered class from the first two (2) weeks of registration, then the class will be automatically dropped (*see* Exhibit "S").

328.     Inasmuch as Livingstone did not authorize DeVry to register him for Math 533 class as independent study course, Livingstone declined to attend the Math 533 as independent study course for the January-February 2021 session.

329.     By email dated Monday January 18, 2021 at 4:08 AM, DeVry University informed Livingstone that he is automatically dropped from the Math 533 independent study class due to non-attendance in the January 2021- February 2021 session (*see* Exhibit "T"); thereby, creating an irreparable and indelible gap within Plaintiff's continued education.

330.     Mr. Livingstone has a special interest in his continued education undeterred.

331.     Mr. Livingstone was entitled to seamlessly continue his graduate education during the January -February 2021 session at DeVry without indelible gaps within his continued education by continued and seamless enrollment and registration of the remaining Math 533 class with every other matriculated DeVry graduate student in the MBA program.

332.     As a candidate for the MBA degree, a consumer, and student of DeVry's advertised academic products, Livingstone was entitled to graduate for his degree and he needed to graduate for his MBA degree in a *timely fashion* after the January 2021-February 2021 session by taking Math 533 class with every other matriculated MBA degree seeking student of DeVry, not as independent study course for Plaintiff alone.

*Plaintiff's Complaint.*

333.    By direct and proximate result of defendant's unlawful conduct as described herein, an indelible and irreparable gap has now been created within Plaintiff's education for the January 2021-Februray 2021 session with irreparable ripple effects all to Plaintiff's detriment.

334.    As a further direct and proximate result of defendant's unlawful conduct as described herein, Livingstone was erroneously deprived of his continued education and he has otherwise sustained legal injury, including, but not limited to:

a) student loans getting into repayment because of lack of in-school determent or shortening allotted time of in-school determent, other costs and expenses; and

b) lost wages in the form of future earnings and salary of about $80,000 per year, the value of lost future benefits (including, but not limited to, health, pension, profit sharing, and other earnings-type benefits) that Plaintiff would have received had Plaintiff not been unlawfully registered for the Math 533 class as independent study course and thereby deprived of future educational and professional opportunities.

335.    As a further direct and proximate result of defendant's unlawful conduct as described herein, Livingstone was caused to suffer other, non-economic losses, all to his great financial, psychological, and emotional detriment and loss, including, but not limited to, loss of: the diminished likelihood that he will be able to attend a prestigious Law School;

i)  the opportunity to study law and attain an J.D. degree on time;

ii)  the honor and prestige of being a Lawyer and Neuroscientist; and

iii) the feeling of self-worth that comes with serving an important societal purpose.

336.    As a further direct and proximate result of DeVry's unlawful conduct as described herein, Plaintiff has been caused and will continue indefinitely into the future to be caused

*Plaintiff's Complaint.*

severe mental anguish, humiliation, anxiety, stress, and emotional and/or psychological distress, all with associated physical symptoms.

337.    WHEREFORE, Plaintiff Michael O. Livingstone demands judgment against Defendant DeVry University, Inc., for compensatory damages, exemplary damages, treble damages, and punitive damages in an amount in excess of $50 million exclusive of interest and costs; an award of reasonable attorneys' fees, costs and other costs and disbursements in this action; and such other and further relief as the Court may deem just and equitable.

**COUNT SEVEN**
**MISINFORMATION-BY-OMMISSION**
**Michael O. Livingstone v. DeVry University, Inc.**

338.    Plaintiff incorporates herein by reference each and every one of the allegations contained in preceding paragraphs as though fully set forth at length herein with the same effect.

339.    The conduct of defendants as set forth hereinabove and described in the following paragraphs alleges that DeVry misinformed Livingstone by omitting a material fact within ***both*** the University's contractual Academic Catalog and the underlying contractual settlement agreement that Math 533 is an *independent* study course.

340.    DeVry University academic catalog is a binding contractual agreement between student Michael Livingstone and the University.

341.    The November 2020 settlement provision governing Math 533 explicitly says this: "Mr. Livingstone must retake Math 533 class…". The settlement agreement ***does not* say**: "Mr. Livingstone must retake Math 533 class as independent study class."

342.    By saying in December 2020 after the settlement contracting in November 2020 that Plaintiff will take the Math 533 an independent study course without other students, DeVry impermissibly omitted another counter-offer, term, and ***condition*** about which the settlement.

*Plaintiff's Complaint.*

343. DeVry Academic Catalog does not require Livingstone to take Math 533 as independent study course. So, DeVry impermissibly omitted this new term and condition which constitutes a *material term* about the Math 533 class settlement provision because the catalog itself is an enforceable contract.

344. During the November 2020 settlement proceedings, DeVry was supposed to make full, accurate, and complete disclosure of all material terms about Math 533 class including the fact that Math 533 was going to be offered to Plaintiff as independent study class.

345. No part of the settlement contractual provision term No.4 *supra* says DeVry will provide Math 533 as independent study class for Plaintiff to complete it alone without other similarly-situated matriculated DeVry graduate students in the MBA program.

346. No part of the settlement agreement shows that Plaintiff agreed to take Math 533 class as independent study class by himself without other similarly-situated matriculated DeVry students including Plaintiff doing discussion postings by himself as described in the University's registration email that is attached herewith as Exhibit "R."

347. The binding DeVry University academic catalog does not authorize DeVry to register any similarly-situated matriculated MBA degree-seeking students at DeVry to complete the required Math 533 class as independent study course on their own.

348. During the November 2020 settlement proceedings and contracting of the settlement agreement, the parties never contemplated to deviate from the contractual provisions of the DeVry University Academic Catalog.

349. The pertinent parts of the oral and written settlement agreement between the parties that was executed on November 2020 provides the following settlement term No. 4 about Math 533 course:

*Plaintiff's Complaint.*

> …Mr. Livingstone must retake Math 533 in order to graduate from DeVry, unless DeVry determines otherwise in which case he may only need to complete the coursework not yet completed in Math 533…

350.     It was intentional omission of material fact because notwithstanding the fact that Plaintiff sent a number of emails to defense counsel asking about Math 533 course registration before signing the settlement agreement in November 2020, it was ***after* all** the November 2020 settlement agreement contracting when DeVry sent email dated Wednesday, **December 2**, 2020 at 6:13 PM (attached herewith as Exhibit "P" ) disclosing for the first time that DeVry will provide the Math 533 class as ***Independent study course*** for Plaintiff alone unlike other similarly-situated matriculated MBA degree-seeking students at DeVry taking the course in groups of 20-40 students.

351.     It was material omission of fact by DeVry because none of the numerous classes Plaintiff has completed at DeVry were offered and completed as independent study course. All the 30 classes Plaintiff has completed at DeVry were offered and completed with about 20 students as members of the class. When Plaintiff took Math 533 in November 2018 session at DeVry, it was not an independent student class.

352.     It was material omission because during the November 20, 2020 settlement conference in this Court, DeVry did not make full disclosure of this material fact regarding providing Math 533 class as *independent study* class for Plaintiff to complete it by himself while all other similarly-situated matriculated DeVry graduate students in the MBA program complete the same Math 533 class with other students in their class.

353.     DeVry's omission of this material fact is so substantial because Plaintiff would not have settled the first lawsuit if this information about taking Math 533 class as independent study course was disclosed during the oral and written settlement proceedings and contracting;

*Plaintiff's Complaint.*

hence, Plaintiff finds himself injured informationally because DeVry deprived him access to information to assess his legal liability.

354.    To the extent that DeVry may claim that registering Plaintiff for Math 533 as an independent study course for Plaintiff to take the course by himself unlike all other similarly-situated matriculated DeVry MBA students alone is a *contingency* factor that is not required to appear on the face of the settlement agreement, Plaintiff avers that *contingency* is not applicable to generally established principles governed by strong public policy and Law, where, as here, DeVry University's contractual academic catalog is a pre-existing forceful, instructive, and controlling contract, which does not say that DeVry will forcibly register any of its similarly-situated matriculated MBA students to take Math 533 class as independent study class.

355.    Even if this Court grants his pending motion to strike and quash the settlement agreement later on, it does not exonerate defendants from this cause of action because the events leading to the injury and the irreparable gap created within Plaintiff's education for the January 2021-February 2021 session and possible consecutive indelible gaps stems from the binding effect and operations of that settlement agreement at that time.

356.    It is DeVry's course registration policy that if a student does not attend a class for the first two (2) weeks of registration, then the class will be automatically dropped (*see* Exhibit "S").

357.    By email dated Monday Jan 18, 2021 at 4:08 AM, DeVry University informed Plaintiff that Plaintiff has been dropped from the Math 533 independent study class which DeVry registered him for the January 2021- February 2021 session (*see* Exhibit "T"); thereby, creating an irreparable and indelible gap within Plaintiff's education.

358.    Plaintiff has a special interest in his continued education undeterred.

*Plaintiff's Complaint.*

359.   Plaintiff was entitled to continue his graduate education during the January -
February 2021 session at DeVry seamlessly without gaps within his continued education by way
of normal and usual enrollment and registration of the remaining Math 533 class with every
other matriculated DeVry graduate student in the MBA program.

360.   Plaintiff was entitled to continue his graduate education undeterred together with
every other similarly-situated matriculated MBA degree-seeking DeVry Student.

361.   Plaintiff was entitled to normal enrollment and normal course registration of the
Math 533 class, not as independent study course for Plaintiff to do the class alone.

362.   As a matriculated graduate student and candidate for MBA degree, Plaintiff was
entitled to graduate and he needed to graduate for his MBA degree in a *timely fashion* after the
January 2021 -February 2021 session with normal course registration of the Math 533 class and
taking Math 533 class with every other similarly-situated matriculated student of DeVry, not as
independent study class for Plaintiff alone.

363.   As a direct and proximate result of defendant's unlawful conduct as described
herein, an indelible and irreparable gap has now been created within Plaintiff's education for the
January 2021-February 2021 session and possible consecutive gaps with ripple effects all to
Plaintiff's detriment.

364.   By direct and proximate cause of Defendant's sadistic and unlawful conduct,
defendants have created an indelible gap within Plaintiff's continued education which in turn
interferes with Plaintiff's prospective contracts such as another indelible delay of timely
enrollment and completion of a six-year dual doctorate degree program (PhD-JD) in
Neuroscience (PhD) and Law (JD) at Vanderbilt University, Tennessee, for example. [6]

---

[6]      https://www.lawneuro.org/

*Plaintiff's Complaint.*

365.    As a further direct and proximate result of Defendant's unlawful conduct as described herein, Plaintiff was erroneously deprived of his continued education and he has otherwise sustained legal injury and informational injury, including, but not limited to:

I)      student loans getting into repayment because of lack of in-school determent or shortening allotted time of in-school determent; and other costs and expenses; and

II)     lost wages in the form of future earnings and salary, the value of lost future benefits (including, but not limited to, health, pension, profit sharing, and other earnings-type benefits) that Plaintiff would have received had Plaintiff not been unlawfully registered for the Math 533 class as independent study class and thereby deprived of future educational and professional opportunities.

366.    As a further direct and proximate result of Defendant's unlawful conduct as described herein, Plaintiff was caused to suffer other, non-economic losses, all to Plaintiff's great financial, psychological, and emotional detriment and loss, including, but not limited to, loss of:

1)  the diminished likelihood that he will be able to attend Law School or prestigious Law School, which has been his objective;

2)  the opportunity to study Law and Neuroscience and attain a dual PhD/JD degree on time;

3)  the honor and prestige of being a Lawyer and Neuroscientist; and

4)  the feeling of self-worth that comes with serving an important societal purpose of advocacy for increases in Neuroscientific evidence in court cases.

367.    As a further direct and proximate cause of the erroneous deprivation of continued education and indelible gap and created within Plaintiff's education, Plaintiff has been deprived from making securing a timely salaried employment to make enough money to remit his retired, aged, sick, and dying parents in Africa who look up to him as their hope in America as their only

*Plaintiff's Complaint.*

Son who made it to America. Plaintiff has therefore been deprived of the self-worth that comes from the cultural and religious imperative of taking care of one's aged parents.

368.     As a further direct and proximate result of Defendants' unlawful conduct as described herein, Plaintiff has been caused and will continue indefinitely into the future to be caused severe mental anguish, humiliation, anxiety, stress, and emotional and/or psychological distress, all with associated physical symptoms.

369.     WHEREFORE, Plaintiff Michael O. Livingstone demands judgment against Defendant DeVry University, Inc., for compensatory damages, exemplary damages, treble damages, and punitive damages in an amount in excess of $50 million exclusive of interest and costs; an award of reasonable attorneys' fees, costs and other costs and disbursements in this action; and such other and further relief as the Court may deem just and equitable.

## COUNT EIGHT
## RETALIATION UNDER AMERICANS WITH DISABILITIES ACT ("ADA"); & SECTION 504 OF THE REHABILITATION ACT OF 1973
## Michael O. Livingstone v. DeVry University, Inc.

370.     Plaintiff incorporates herein by reference each and every one of the allegations contained in preceding paragraphs as though fully set forth at length herein with the same effect.

371.     The conduct of defendant as set forth in the following paragraphs alleges that DeVry retaliated against Livingstone under the *disparate treatment theory* and *anti-retaliation theory* of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("section 504") because Plaintiff brought the underlying first lawsuit also to vindicate his rights under the ADA and section 504 statutes.

372.     DeVry subsequently took adverse action against Plaintiff by separating and segregating Plaintiff from all other similarly-situated MBA degree seeking DeVry students and

*Plaintiff's Complaint.*

registering Plaintiff for Math 533 as independent study course to take the Math 533 class all by himself without any other similarly-situated matriculated DeVry MBA degree seeking students, which is a provision not authorized by the DeVry University Academic Catalog.

*373.* Plaintiff is therefore deprived from interacting with the academic community that comes with a DeVry class.

*374.* As an American student with disability, Livingstone has a legitimate legal right to file federal complaint in this Federal Court to vindicate his rights under the ADA and Section 504 statutes without experiencing any reprisal, retaliation, animosity, disparate treatment, or adverse action of any kind from DeVry or any other entity for invoking the ADA and section 504 statutes for redress of his grievances in this Court.

*375.* The ADA and section 504 statutes proscribe **their own** quintessential anti-retaliation protections in addition to other corollary anti-retaliation protections that are generally available to Livingstone for filing lawsuits under those statutes.

*376.* The quintessential anti-retaliation protections that are provided under the ADA and Section 504 statutes extends to litigants such as Livingstone even if his claim under the ADA and Section 504 were unsuccessful in this Court or settled.

*377.* Livingstone filed initial complaint (attached as Ex. L) in this U.S. District Court for the Northern District Court of Illinois under the civil case Docket No.19-cv-05567 in USDC-N. Ill. Livingstone pled several claims under various causes of actions including the Americans With Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 specifically under Counts I & II, VI, & COUNT 33 of Plaintiff's complaint against DeVry University, its Keller Graduate School of Management, and its associates.

*Plaintiff's Complaint.*

378.     Livingstone avers that because he exercised his legitimate right to sue DeVry under section 504 and ADA statutes, DeVry is treating him differently in the registration, format, and requirements of Math 533 course from all other similarly-situated matriculated DeVry MBA degree seeking students by registering him for the Math 533 as independent study course.

379.     All similarly-situated matriculated DeVry MBA degree seeking students take Math 533 course with about 20-30 students in the class. Yet, only Plaintiff was registered to take Math 533 as independent study class in the January -February 2021 session.

380.     Just because Livingstone sued DeVry under the ADA and Section 504 statutes in the underlying complaint in this Court does not confer any preemption or excuses upon DeVry to abrogate, abjure, deviate, or obviate from its obligations unto Plaintiff like every other similarly-situated matriculated MBA degree seeking DeVry student.

381.     The underlying settlement provision governing Math 533 explicitly says this: "Mr. Livingstone must retake Math 533 class…." The settlement agreement ***does not* say**: "Mr. Livingstone must retake Math 533 class as *independent* study class."

382.     To the extent that DeVry may provide a pretextual excuse that it was not at liberty to determine how Plaintiff takes Math 533, that pretextual excuse fatally fails because how to take Math 533 at DeVry is already contractually informed and instructed by the pre-existing binding contractual DeVry University academic catalog.

383.     Any further pretextual excuse that DeVry is at liberty to determine how Plaintiff takes the Math 533 course is not true because DeVry University academic catalog is a preexisting instructive, informative, and forceful contract that controls the academic relationship and requirements and expectations between student Mr. Livingstone and DeVry University. The catalog does not authorize DeVry to register Plaintiff for Math 533 as independent study class.

*Plaintiff's Complaint.*

*384.*    Plaintiff is being treated differently in reprisal for suing DeVry under section 504 and ADA statutes because the DeVry University catalog does not authorize DeVry to provide or register Livingstone for Math 533 as a mandatory independent study course for any other similarly-situated matriculated MBA degree seeking DeVry student.

*385.*    Plaintiff is being treated differently in reprisal for suing DeVry under section 504 and ADA statutes because the usual custom and practice under the academic catalog is that all DeVry students take Math 533 in class sections together with 20-40 similarly-situated matriculated DeVry MBA degree seeking students are enrolled.

*386.*    Plaintiff is being treated differently with animosity for suing DeVry under section 504 and ADA statutes because the academic catalog neither authorizes nor requires any student to take Math 533 as independent study course separated or segregated from all other students.

*387.*    DeVry is treating Plaintiff differently with deep-seated antagonism for exercising his legitimate legal right to sue DeVry under Section 504 and ADA statutes in the ongoing underlying attached previous federal complaint because no part of the November 2020 settlement contractual provision term No.4 *supra* says DeVry will provide Math 533 as independent study course for Plaintiff to complete it alone unlike other similarly-situated matriculated DeVry graduate students in the MBA program.

*388.*    DeVry is treating Plaintiff differently with invidious animosity for exercising his legitimate legal right to sue DeVry under Section 504 and ADA statutes because no part of the attached November 2020 settlement agreement shows that Plaintiff agreed to take Math 533 class as independent study course without other similarly-situated matriculated DeVry Students whereby Plaintiff will be doing discussion postings by himself as described in the University's email that is attached herewith as Exhibit "R." Specifically, the University stated in its email

*Plaintiff's Complaint.*

(Exhibit R) that the weekly discussions requirement of the Math 533 course "would run differently" for Plaintiff unlike the other sections of the same January 2021 Math 533 course in which all other similarly-situated matriculated MBA degree students at DeVry were enrolled.

389.     Plaintiff is a similarly-situated matriculated MBA degree seeking student at DeVry who is supposed to be treated the same way under the provisions of the contractual DeVry University Academic Catalog like every other student regardless of exercising his legitimate legal right to sue DeVry under Section 504 and ADA statutes in the ongoing underlying attached federal complaint.

390.     During the November 2020 settlement proceedings and contracting of the settlement agreement, the parties never contemplated to deviate from the contractual provisions of the DeVry University Academic Catalog.

391.     The pertinent parts of the attached November 2020 settlement agreement between the parties provides the following settlement term No. 4 regarding Math 533 course:

> …Mr. Livingstone must retake Math 533 in order to graduate from DeVry, unless DeVry determines otherwise in which case he may only need to complete the coursework not yet completed in Math 533…

392.     How to take Math 533 is informed and authorized by the DeVry academic catalog. No part of the November 2020 settlement agreement shows that Plaintiff agreed to take Math 533 as independent study course by himself without other similarly-situated matriculated DeVry Students including Plaintiff doing discussion postings all by himself as described in the University's registration email that is attached herewith as Exhibit "R."

393.     Any pretextual excuse DeVry may provide suggesting that registering Plaintiff for Math 533 as an independent study course is a *contingency* factor that is not required to appear on the face of the settlement agreement fatally fails because *contingency* is not applicable to

*Plaintiff's Complaint.*

generally established principles governed by law and strong public policies, whereas here,

DeVry University's binding contractual academic catalog is a pre-existing forceful, instructive,

and controlling contract that does not authorize DeVry to register any of its similarly-situated

matriculated MBA students to take Math 533 class a mandatory independent study course. It is a

strong public policy that DeVry should not deviate from its academic catalog regarding Math

533.

394.    DeVry is treating Plaintiff differently with invidious animosity for exercising his

legitimate legal right to sue DeVry under Section 504 and ADA statutes in the underlying federal

complaint because none of the numerous graduate classes Plaintiff has completed at DeVry were

offered and completed as independent study course. All the 21 graduate classes Plaintiff has

completed at DeVry were offered and completed with about 20 students as members of the class.

395.    DeVry is treating Plaintiff differently with malice, actual malice, malice *per se,*

for exercising his legitimate legal right to sue DeVry under Section 504 and ADA statutes in the

underlying federal complaint because when Plaintiff took Math 533 in November 2018 session at

DeVry with Professor Dr. Henson-Mack, it was not an independent study course at all --- the

class comprised of about 30 students similarly-situated matriculated MBA degree students at

DeVry enrolled together with Plaintiff Livingstone.

396.    DeVry is treating Plaintiff differently with malice, actual malice, malice *per se,*

for exercising his legitimate legal right to sue DeVry under Section 504 and ADA statutes in the

ongoing underlying attached federal complaint because the parties never contemplated to deviate

from the DeVry Academic Catalog during the settlement proceedings.

397.    DeVry is treating Plaintiff with disparity for exercising his legitimate legal right

to sue DeVry under Section 504 and ADA statutes in the ongoing underlying attached federal

*Plaintiff's Complaint.*

complaint because Plaintiff avers that all similarly-situated matriculated students at DeVry should be treated the same way. Yet, no similarly-situated matriculated DeVry MBA degree seeking students were required, and are required, by the DeVry academic catalog to take Math 533 as independent study course.

398.    Even if this Court grants Plaintiff's pending motion in the underlying lawsuit to strike and quash the settlement agreement later on, it does not exonerate defendants from this cause of action because the events leading to this injury and the irreparable gap created within Plaintiff's education for the January 2021 - February 2021 session and possible consecutive indelible gaps stems from the binding effect and operations of that settlement agreement at that time.

399.    Inasmuch as Livingstone did not authorize DeVry to register him for Math 533 class as independent study class at all, Plaintiff declined to attend the Math 533 class as independent study class for the January 2021-February 2021 session.

400.    It is DeVry University's course registration policy that if a student does not attend a registered class for the first two (2) weeks of registration, then the class will be automatically dropped (*see* Exhibit "S").

401.    By email dated Monday January 18, 2021 at 4:08 AM, DeVry University informed Plaintiff that Plaintiff has been dropped from the Math 533 independent study class which DeVry registered him for the January 2021- February 2021 session (*see* Exhibit "T"); thereby, creating an irreparable and indelible gap within Plaintiff's education.

402.    Plaintiff has a special interest in his continued education undeterred for the January 2021- February 2021 session at DeVry.

*Plaintiff's Complaint.*

403.    Plaintiff was entitled to continue his graduate education at DeVry during the January -February 2021 session seamlessly without gaps within his continued education by way of normal and usual enrollment and registration of the remaining Math 533 class with every other matriculated DeVry graduate student in the MBA program.

404.    Plaintiff was entitled to continue his graduate education undeterred just like every other similarly-situated matriculated MBA degree-seeking DeVry student during the January 2021- February 2021 session.

405.    Plaintiff was entitled to normal enrollment and normal course registration of the Math 533 class without disparate treatment, not as independent study course for Plaintiff to do the class alone by himself separate from the rest of the DeVry academic community.

406.    As a candidate for MBA degree, Plaintiff was entitled to graduate and he needed to graduate for his MBA degree in a *timely fashion* after the January 2021 -February 2021 session with normal course registration of the Math 533 class and taking Math 533 class with every other similarly-situated matriculated student of DeVry, not as independent study class for Plaintiff alone separated from the rest of the DeVry academic community.

407.    As a direct and proximate result of defendant's unlawful conduct as described herein, an indelible and irreparable gap has now been created within Plaintiff's education for the January 2021-February 2021 session and possible consecutive gaps with ripple effects all to Plaintiff's detriment.

408.    By direct and proximate cause of defendant's sadistic and unlawful conduct, defendants have created an indelible gap within Plaintiff's continued education, which in turn interferes with Plaintiff's prospective contracts such as missing application deadline another indelible delay of timely enrollment and completion of a six-year dual doctorate degree program

*Plaintiff's Complaint.*

(PhD-JD) in Neuroscience (PhD) and Law (JD) at Vanderbilt University, Tennessee, for example. [7]

409.    As a further direct and proximate result of Defendant's unlawful conduct as described herein, Plaintiff was erroneously deprived of his continued education and he has otherwise sustained legal injury and informational injury, including, but not limited to: student loans getting into repayment because of lack of in-school determent or shortening allotted time of in-school determent; and other costs and expenses; and lost wages in the form of future earnings and salary, the value of lost future benefits (including, but not limited to, health, pension, profit sharing, and other earnings-type benefits) that Plaintiff would have received had Plaintiff not been unlawfully registered for the Math 533 class as independent study class and thereby deprived of future educational and professional opportunities.

410.    As a further direct and proximate result of Defendant's unlawful conduct as described herein, Plaintiff was caused to suffer other, non-economic losses, all to Plaintiff's great financial, psychological, and emotional detriment and loss, including, but not limited to, loss of:

1) the diminished likelihood that he will be able to attend Law School or prestigious Law School, which has been his objective;
2) the opportunity to study Law and Neuroscience and attain a dual PhD/JD degree on time;
3) the honor and prestige of being a Lawyer and Neuroscientist; and
4) the feeling of self-worth that comes with serving an important societal purpose of advocacy for increases in Neuroscientific evidence in court cases.

411.    As a further direct and proximate cause of the erroneous deprivation of continued education and indelible gap and created within Plaintiff's education, Plaintiff has been deprived from making securing a timely salaried employment to make enough money to remit his retired, aged, sick, and dying parents in Africa who look up to him as their hope in America as their only

---

[7]         https://www.lawneuro.org/

*Plaintiff's Complaint.*

Son who made it to America. Plaintiff has therefore been deprived of the self-worth that comes from the cultural and religious imperative of taking care of one's aged parents.

*412.* As a further direct and proximate result of Defendants' unlawful conduct as described herein, Plaintiff has been caused and will continue indefinitely into the future to be caused severe mental anguish, humiliation, anxiety, stress, and emotional and/or psychological distress, all with associated physical symptoms.

*413.* WHEREFORE, Plaintiff Michael O. Livingstone demands judgment against Defendant DeVry University, Inc., for compensatory damages, exemplary damages, treble damages, and punitive damages in an amount in excess of $50 million exclusive of interest and costs; an award of reasonable attorneys' fees, costs and other costs and disbursements in this action; and such other and further relief as the Court may deem just and equitable.

## COUNT NINE
## RETALIATION UNDER CIVIL RIGHTS ACT of 1964, 42 U.S.C. § 2000d
### Michael O. Livingstone v. DeVry University, Inc.

*414.* Plaintiff incorporates herein by reference each and every one of the allegations contained in preceding paragraphs as though fully set forth at length herein with the same effect.

*415.* The conduct of defendants as set forth in the manner described in the following paragraphs alleges that DeVry retaliated against Livingstone under the disparate treatment clause and anti-retaliation clause of the Civil Rights Act of 1964 because Plaintiff brought the first lawsuit to also vindicate his rights under the Civil Rights Act of 1964.

*416.* DeVry subsequently took adverse action with disparate treatment against Plaintiff by separating Plaintiff from the academic community and all other students and registering Plaintiff for Math 533 as independent study course to take Math 533 all by himself without other

*Plaintiff's Complaint.*

similarly-situated matriculated DeVry MBA degree seeking students – a provision not authorized

by the DeVry University Academic Catalog.

417.     As a black minority man in America by race with a linguistic accent from

indigenous West Africa, Plaintiff has a legitimate legal right to bring anti-discrimination

complaint particularly under the Civil Rights Act of 1964 statute to this Federal District Court

against any entity such as DeVry University without any experiencing any retribution, reprisal,

retaliation, disparate treatment in any shape, way, or form from DeVry or any other entity.

418.     Plaintiff filed initial complaint (attached as Ex. L) in this US District Court for the

Northern District Court of Illinois under the Civil Case Docket No.19-cv-05567 in USDC-N.Ill

in which Plaintiff brought several claims including the Civil Rights Act of 1964 under Counts VI

, VIII, XII, Counts 30, 31, 38 of the first complaint also pled in Plaintiff's initial complaint

against DeVry University, its Keller Graduate School of Management, and its associates.

419.     The anti-retaliation clause of the Civil Rights Act of 1964 statute provides its own

quintessential anti-retaliation protections in addition to any other corollary anti-retaliation

protections generally available to litigants for filing lawsuits.

420.     The quintessential anti-retaliation remedies and protections provided under the

Civil Rights Act of 1964 statute extends to litigants like him even if his discrimination claim was

unsuccessful in this Court or settled.

421.     The Civil Rights Act of 1964 statute prohibits DeVry from retaliation or taking

adverse action against him for bringing lawsuit against DeVry under the Civil rights Act of 1964.

422.     Plaintiff avers that just because he sued DeVry under the Civil Rights Act does

not mean that Plaintiff should be treated differently in the registration, format, and requirements

*Plaintiff's Complaint.*

of Math 533 class from all other similarly-situated matriculated DeVry MBA degree seeking students that are taking the Math 533 class in groups or about 20-40 student in a class.

*423.*    All similarly-situated matriculated DeVry MBA degree seeking students who have to take Math 533 course takes that class with all other students at DeVry.

*424.*    Just because Plaintiff sued DeVry under the Civil Rights Act does not confer or trigger any preemption or excuses upon DeVry to abrogate, abjure, or obviate from its obligations under the academic catalog to Plaintiff.

*425.*    The settlement provision governing Math 533 says this: "Mr. Livingstone must retake Math 533 class…" Note that the settlement agreement ***does not say:*** "Mr. Livingstone must retake Math 533 class as [*independent*] study class."

*426.*    Any pretextual excuse that DeVry was at liberty to determine how Plaintiff takes the Math 533 course, that pretextual excuse fatally fails because how to take Math 533 at DeVry is already contractually informed and instructed by the pre-existing binding contractual DeVry University academic catalog.

*427.*    Any additional pretextual excuse that DeVry is at liberty to determine how Plaintiff takes the Math 533 course also fails because the DeVry University academic catalog is a preexisting contract that controls the academic relationship and requirements and expectations between student Mr. Livingstone and DeVry University. The catalog does not authorize DeVry to register Plaintiff for Math 533 as independent study class.

*428.*    Any other pretextual excuse DeVry may provide suggesting that registering Plaintiff for Math 533 as an independent study course is a *contingency* factor that is not required to appear on the face of the settlement agreement fatally fails because *contingency* is not applicable to generally established principles governed by Law and strong public policies, where,

*Plaintiff's Complaint.*

as here, DeVry University's contractual Academic Catalog is a pre-existing forceful, instructive, and controlling contract, which does not authorize DeVry to register any of its similarly-situated matriculated MBA students to take Math 533 class a mandatory independent study course. It is a strong public policy that DeVry should not deviate from its academic catalog regarding Math 533.

429.     Plaintiff believes and therefore avers that DeVry is treating him differently in reprisal for suing DeVry under the Civil Rights Act of 1964 statute in the underlying federal lawsuit in this Court because DeVry University catalog does not authorize DeVry to provide or register Livingstone for Math 533 as a mandatory independent study course for any other similarly-situated matriculated MBA degree seeking DeVry student.

430.     Plaintiff believes and therefore avers that he is being treated differently in reprisal for suing DeVry under the Civil Rights Act of 1964 statute in the underlying previous ongoing other federal lawsuit in this Court because the usual customs and practices under the academic catalog is that all DeVry students take Math 533 in class sections together with 20-40 similarly-situated matriculated DeVry MBA degree seeking students enrolled.

431.     Plaintiff believes and therefore avers that he is being treated differently with animosity for suing DeVry under the Civil Rights Act of 1964 statute in the underlying previous ongoing other federal lawsuit in this Court because the academic catalog neither authorizes nor requires any student to take Math 533 as independent study course separated or segregated from all other students.

432.     Plaintiff believes and therefore avers that he is being treated differently with animosity for suing DeVry under the Civil Rights Act of 1964 statute in the underlying federal lawsuit in this Court because no part of the November 2020 settlement contractual provision

*Plaintiff's Complaint.*

term No.4 *supra* says DeVry will provide Math 533 as independent study course for Plaintiff to complete it alone unlike other similarly-situated matriculated DeVry graduate students in the MBA program.

*433.*   Plaintiff believes and therefore avers that he is being treated differently with animosity for suing DeVry under the Civil Rights Act of 1964 statute in the underlying federal lawsuit in this Court because no part of the attached November 2020 underlying settlement agreement shows that Plaintiff agreed to take Math 533 class as mandatory independent study course by himself without other similarly-situated matriculated DeVry Students whereby Plaintiff will be doing discussion postings by himself as described in the University's email that is attached herewith as Exhibit "R."

*434.*   Specifically, the University stated in its email (Exhibit R) that the weekly discussions requirement of the Math 533 course "would run differently" for Plaintiff unlike the other sections of the same January 2021 Math 533 course in which all other similarly-situated matriculated MBA degree students at DeVry were enrolled.

*435.*   Plaintiff is a similarly-situated matriculated MBA degree seeking DeVry student who is supposed to be treated the same way under the contractual DeVry University Academic Catalog like every other student regardless of exercising his legitimate legal right to sue DeVry under Civil Rights Act of 1964 statutes in the underlying attached federal complaint.

*436.*   Plaintiff believes and therefore avers that he is being treated differently with animosity for suing DeVry under the Civil Rights Act of 1964 statute in the underlying federal lawsuit in this Court because during the November 2020 settlement proceedings and contracting of the settlement agreement, the parties never contemplated to deviate from the contractual provisions of the DeVry University Academic Catalog.

*Plaintiff's Complaint.*

437.     The pertinent parts of the attached November 2020 settlement agreement between the parties provides the following settlement term No. 4 regarding Math 533 course:

> …Mr. Livingstone must retake Math 533 in order to graduate from DeVry, unless DeVry determines otherwise in which case he may only need to complete the coursework not yet completed in Math 533…

438.     Plaintiff believes and therefore avers that he is being treated differently with invidious animosity for exercising his legitimate legal right to sue DeVry under the Civil Rights Act of 1964 statute in the underlying previous ongoing other federal lawsuit in this Court because none of the graduate classes Plaintiff has completed at DeVry were offered and completed as mandatory independent study course. All the graduate classes Plaintiff has completed at DeVry were offered and completed with about 20 students as members of the class.

439.     Plaintiff believes and therefore avers that he is being treated differently with malice, actual malice, malice *per se*, for exercising his legitimate legal right to sue DeVry under the Civil Rights Act of 1964 statute in the underlying ongoing other federal lawsuit in this Court because when Plaintiff took Math 533 in November 2018 session at DeVry with Professor Dr. Henson-Mack, it was not an independent study course. That November 2018 session Math 533 class had about 2 -30 other similarly-situated matriculated MBA degree students at DeVry enrolled together with Plaintiff Livingstone.

440.     Absolutely no part of the November 2020 settlement agreement shows that Plaintiff agreed to take Math 533 as mandatory independent study course by himself without other similarly-situated matriculated DeVry Students including Plaintiff doing discussion postings all by himself as described in the University's registration email that is attached herewith as Exhibit "R."

*Plaintiff's Complaint.*

441.     Livingstone believes and therefore avers that DeVry is treating him differently with malice, actual malice, malice *per se,* for exercising his legitimate legal right to sue DeVry under Section 504 and ADA statutes in the ongoing underlying attached federal complaint because the parties never contemplated to deviate from the DeVry Academic Catalog during the settlement proceedings.

442.     Livingstone believes and therefore avers that DeVry is treating him with disparity for exercising his legitimate legal right to sue under the Civil Rights Act of 1964 statute in the ongoing underlying attached federal complaint because all similarly-situated matriculated students at DeVry should be treated the same way. Yet, no similarly-situated matriculated DeVry MBA degree seeking students were required by the DeVry academic catalog to take Math 533 as independent study course.

443.     Even if this Court grants Plaintiff's pending motion in the underlying lawsuit to strike and quash the settlement agreement later on, it does not exonerate defendants from this cause of action because the events leading to this injury and the irreparable gap created within Plaintiff's education for the January 2021 - February 2021 session and possible consecutive indelible gaps stems from the binding effect and operations of that settlement agreement at that time.

444.     Inasmuch as Livingstone did not authorize DeVry to register him for Math 533 class as independent study class at all, Plaintiff declined to attend the Math 533 class as independent study class for the January 2021-February 2021 session.

445.     It is DeVry University's course registration policy that if a student does not attend a registered class for the first two (2) weeks of registration, then the class will be automatically dropped (*see* Exhibit "S").

*Plaintiff's Complaint.*

446.    By email dated Monday January 18, 2021 at 4:08 AM, DeVry University informed Plaintiff that Plaintiff has been dropped from the Math 533 independent study class which DeVry registered him for the January 2021- February 2021 session (*see* Exhibit "T"); thereby, creating an irreparable and indelible gap within Plaintiff's education.

447.    Plaintiff has a special interest in his continued education undeterred for the January 2021- February 2021 session at DeVry.

448.    Plaintiff was entitled to continue his graduate education at DeVry during the January -February 2021 session seamlessly without gaps within his continued education by way of normal and usual enrollment and registration of the remaining Math 533 class with every other matriculated DeVry graduate student in the MBA program.

449.    Plaintiff was entitled to continue his graduate education undeterred just like every other similarly-situated matriculated MBA degree-seeking DeVry student during the January 2021- February 2021 session.

450.    Plaintiff was entitled to normal enrollment and normal course registration of the Math 533 class without disparate treatment, not as independent study course for Plaintiff to do the class alone by himself separate from the rest of the DeVry academic community.

451.    As a candidate for MBA degree, Plaintiff was entitled to graduate and he needed to graduate for his MBA degree in a *timely fashion* after the January 2021 -February 2021 session with normal course registration of the Math 533 class and taking Math 533 class with every other similarly-situated matriculated student of DeVry, not as independent study class for Plaintiff alone separated from the rest of the DeVry academic community.

452.    As a direct and proximate result of defendant's unlawful conduct as described herein, an indelible and irreparable gap has now been created within Plaintiff's education for the

*Plaintiff's Complaint.*

January 2021-February 2021 session and possible consecutive gaps with ripple effects all to Plaintiff's detriment.

453.     By direct and proximate cause of defendant's sadistic and unlawful conduct, defendants have created an indelible gap within Plaintiff's continued education, which in turn interferes with Plaintiff's prospective contracts such as missing application deadline another indelible delay of timely enrollment and completion of a six-year dual doctorate degree program (PhD-JD) in Neuroscience (PhD) and Law (JD) at Vanderbilt University, Tennessee, for example. [8]

454.     As a further direct and proximate result of Defendant's unlawful conduct as described herein, Plaintiff was erroneously deprived of his continued education and he has otherwise sustained legal injury and informational injury, including, but not limited to: i)student loans getting into repayment because of lack of in-school determent or shortening allotted time of in-school determent; and other costs and expenses; and (ii) lost wages in the form of future earnings and salary, the value of lost future benefits (including, but not limited to, health, pension, profit sharing, and other earnings-type benefits) that Plaintiff would have received had Plaintiff not been unlawfully registered for the Math 533 class as independent study class and thereby deprived of future educational and professional opportunities.

455.     As a further direct and proximate result of Defendant's unlawful conduct as described herein, Plaintiff was caused to suffer other, non-economic losses, all to Plaintiff's great financial, psychological, and emotional detriment and loss, including, but not limited to, loss of:

a) the diminished likelihood that he will be able to attend Law School or prestigious Law School, which has been his objective;
b) the opportunity to study Law and Neuroscience and attain a dual PhD/JD degree on time;
c) the honor and prestige of being a Lawyer and Neuroscientist; and

---

[8]     https://www.lawneuro.org/

*Plaintiff's Complaint.*

    d)  the feeling of self-worth that comes with serving an important societal purpose of advocacy for increases in Neuroscientific evidence in court cases.

    *456.*    As a further direct and proximate cause of the erroneous deprivation of continued education and indelible gap and created within Plaintiff's education, Plaintiff has been deprived from making securing a timely salaried employment to make enough money to remit his retired, aged, sick, and dying parents in Africa who look up to him as their hope in America as their only Son who made it to America. Plaintiff has therefore been deprived of the self-worth that comes from the cultural and religious imperative of taking care of one's aged parents.

    *457.*    As a further direct and proximate result of Defendants' unlawful conduct as described herein, Plaintiff has been caused and will continue indefinitely into the future to be caused severe mental anguish, humiliation, anxiety, stress, and emotional and/or psychological distress, all with associated physical symptoms.

    *458.*    WHEREFORE, Plaintiff Michael O. Livingstone demands judgment against Defendant DeVry University, Inc., for compensatory damages, exemplary damages, treble damages, and punitive damages in an amount in excess of $50 million exclusive of interest and costs; an award of reasonable attorneys' fees, costs and other costs and disbursements in this action; and such other and further relief as the Court may deem just and equitable.

## COUNT TEN
### BREACH OF THE DUTY OF GOOD-FAITH & FAIR-DEALING
### Michael O. Livingstone v. DeVry University, Inc

    *459.*    Plaintiff incorporates herein by reference each and every one of the allegations contained in the preceding paragraphs as though fully set forth at length herein with the same effect.

*Plaintiff's Complaint.*

460.   The conduct of Defendant as set forth allegedly constitutes conduct that recklessly disregards the mandates of Law which deprived Plaintiff's rights.

461.   As a student, customer, client, or consumer of DeVry University, Plaintiff has a contract or implied contract of good-faith and fair-dealing with even with the underlying attached settlement agreement.

462.   As a customer, client, or consumer of DeVry educational products and services, Plaintiff had a contract or implied contract of good-faith and fair-dealing with DeVry.

463.   Notwithstanding the fact that Plaintiff sent a number of emails asking about Math 533 course registration before signing the settlement agreement in November 2020, it was ***after all*** the November 2020 settlement agreement contracting when DeVry sent email dated Wednesday, **December 2**, 2020 at 6:13 PM (attached herewith as Exhibit "P" ) disclosing for the first time that DeVry will provide the Math 533 class as ***Independent study course*** for Plaintiff alone unlike other similarly-situated matriculated MBA degree-seeking students at DeVry taking the course in groups of 20-40 students.

464.   Without repetition, Plaintiff incorporates all the foregoing claims, averments, facts for this Court to construe and hold that DeVry has breached its contract or implied contract of good-faith and fair-dealing with Plaintiff.

465.   WHEREFORE, Plaintiff Michael O. Livingstone demands judgment for compensatory damages, punitive damages, exemplary damages, compensatory damages, treble damages, nominal fees, exclusive of interest and costs; declaratory and injunctive relief; an award of reasonable attorneys' fees, costs and other costs and disbursements in this action; and such other and further relief as the Court may deem just and equitable.

*Plaintiff's Complaint.*

**COUNT ELEVEN**
**DETRIMENTAL RELIANCE; PROMISSORY ESTOPPEL**
**Michael O. Livingstone v. DeVry University**

466.     Plaintiff incorporates herein by reference each and every one of the allegations

contained in preceding paragraphs as though fully set forth at length herein with the same effect.

467.     The conduct of defendants as set forth in the manner described in the following

paragraphs alleges that Plaintiff detrimentally-relied upon the email correspondence from DeVry

regarding where to execute process service upon the defendants in the underlying first lawsuit.

468.     In his September 4, 2020 email (attached Ex.2D), Plaintiff inquired from DeVry's

legal department whether DeVry's registered agent in New Jersey (i.e. CT Corp) is the registered

agent address of defendants for Plaintiff to serve the Summonses and Complaint.

469.     DeVry's Mr. Jeffrey Harper responded by email dated September 8, 2020 at 1:25

PM (within attached Exhibit 2D) saying this:

> "…DeVry University will not be waiving service in this matter and **can be
> served thru CT Corporation.**"
> (emphasis added)

470.     On September 29, 2020, by way of a professional process server, Plaintiff caused

the underlying first complaint (Exhibit "L" ) and summonses to be served upon all 26 defendants

at the address of defendants' registered agent (Corporation Trust Company, West Trenton, New

Jersey) consistent with what DeVry's Mr. Harper informed Plaintiff to do within his September

8, 2020 email (Exhibit 2D), *supra.*

471.     On October 5, 2020, Plaintiff filed notarized copies of affidavits of process

service of the Complaint and Summonses prepared by the process server for all defendants with

notes about the status of the process service . The process server indicated on the affidavits that

*Plaintiff's Complaint.*

CT Corp says they will advise whether they can accept process service for those DeVry

defendants or not. *See* Exhibit 2G.

472.    The Process Server charged and billed Plaintiff $539 total and Plaintiff had to find

the money to pay it. *See* attached invoices Exhibit 2A.

473.    Plaintiff also incurred about $315.29 total as printing paper and supplies costs to

print and organize the Complaint and Summonses for process service for all 26 defendants (*see*

attached Exhibit 2B). Taken together, Plaintiff incurred $539 + $319.25 = $854.25 total costs of

process service and supplies.

474.    On October 7, 2020, Plaintiff filed a motion and memo of law for reimbursement

of process service costs upon Defendants pursuant to Fed. R. Civ. 4(d)(2) in the first lawsuit

docketed as 20-cv-05567 in this Court as ECF Nos.19 & 20. However, on January 22, 2021, this

Court entered an Order in that case attached herewith as Exhibit "2H" denying Plaintiff's motion

for reimbursement of process service costs specifically on grounds that Plaintiff did not send

actual waiver of service forms to defendants consistent with Rule 4(d) of the Federal Rules of

Civil Procedure.

475.    As a point of clarification, this instant claim is ***not*** about waiver of service, but

rather, this cause of action pertains to the fact that DeVry made a promise or directive to Plaintiff

to execute process service at their registered agent – CT Corp. Plaintiff relied upon DeVry's

promise or directive to execute process service at CT Corp and so he paid a professional process

server to execute the process service at that CT Corp. Plaintiff's reliance on DeVry's promise or

directive to execute process service was expected and foreseeable by DeVry. Plaintiff relied on

the promise or direction to his financial detriment because the process server did his job to

*Plaintiff's Complaint.*

execute process service at the address DeVry provided. Plaintiff's reliance was reasonable and justifiable by the email correspondence that transpired between the parties at the time.

476.    After Plaintiff already relied upon DeVry's direction and paid a process server to execute process upon all defendants at CT Corp., then DeVry rejected the process service on grounds that with the exception of DeVry and Adtalem, CT Corp is not the proper place to serve the rest of the defendants.

477.    DeVry knew or should have known that its registered agent (CT Corp) is not the proper place to execute process upon the rest of defendants. Yet, DeVry expressly directed Plaintiff to execute process upon the defendants at CT Corp.

478.    Plaintiff brings this cause of action for this Court to enjoin DeVry to repay the full full costs associated with process service upon only the 24 (i.e. 26 minus the 2 defendants Adtalem and DeVry) according to the attached invoices and receipts.

479.    WHEREFORE, Plaintiff Michael O. Livingstone demands judgment against Defendant DeVry University, Inc., to repay the full costs associated with that process service upon only the 24 defendants according to the attached invoices including compensatory damages, exemplary damages, treble damages, and punitive damages in an amount in excess of $150,000 exclusive of interest and costs; an award of reasonable attorneys' fees, costs and other costs and disbursements in this action; and such other and further relief as the Court may deem just and equitable.

## **RELIEF REQUESTED**

Plaintiff Mr. Michael O. Livingstone hereby declares that the relief requested for each count are set forth under separate final paragraph(s) under the WHEREFORE clauses of each COUNT.

*Plaintiff's Complaint.*

## Fed. R. Civ. Proc. 65 AFFIDAVIT OF PLAINTIFF MICHAEL O. LIVINGSTONE

For the purposes of any Rule 65 motion for injunction, the within named Plaintiff Mr. Michael O. Livingstone, hereby states under penalties of perjury, that the facts set forth and incorporated in this Complaint are true and correct to the best of his knowledge, information, and belief.

Respectfully submitted,

Michael O. Livingstone, *pro se*
P.O. Box 34246
Philadelphia, Pennsylvania 19101

Telephone: 856-676-6951

Email: mikeliving40@gmail.com

Dated: February 22, 2021

# **Exhibit 2A**

## **Description**

Invoices from Professional Process Server.

- First 3 Pages -- invoice showing balance due as **$539** for process service upon all Defendants.

- Second 4 Pages --invoice showing balance paid by Plaintiff M. Livingstone and currently **0.00** balance.

7 pages Total

PERSIST PROCESS & INVESTIGATIONS
423 South 15th Street
Philadelphia, PA 19146-1637
Phone: (215) 546-6080
Fax: (215) 546-2412
Tax No. 83-1473221

**BATCH INVOICE**



*PROCESS SERVICE | INVESTIGATIONS | LITIGATION SUPPORT*

www.PersistPI.com

Invoice #TLL-2020000904
9/29/2020

Michael O. Livingstone, Pro Se
P.O. Box 34246
Philadelphia, PA 19101

Your Contact: Michael Livingstone

Case Number: Northern 20-5567
Michael O. Livingstone
   vs
Dervy University, Inc.

**ITEMIZED LISTING**

| Job | Date Served | Servee | Quantity | Price | Amount | Amount Due |
|---|---|---|---|---|---|---|
| 2020000904 | 9/29/2020 | DeVry University, Inc. - c/o Corporation Trust Company | | | | $73.00 |
| | Service Fee - W. Trenton NJ 08628 | | 1.00 | 73.00 | 73.00 | |
| 2020000905 | 9/29/2020 | ADTALEM Global Education, Inc. f/k/a DeVry Education Group - c/o Corporation Trust Company | | | | $15.00 |
| | Service Fee - add'l @ same loc. | | 1.00 | 15.00 | 15.00 | |
| 2020000906 | 9/29/2020 | Keller Graduate School of Management - c/o Corporation Trust Company | | | | $15.00 |
| | Service Fee - add'l @ same loc. | | 1.00 | 15.00 | 15.00 | |
| 2020000907 | 9/29/2020 | Board of Trustees of DeVry University - c/o Corporation Trust Company | | | | $15.00 |
| | Service Fee - add'l @ same loc. | | 1.00 | 15.00 | 15.00 | |
| 2020000908 | 9/29/2020 | DeVry University Online Bookstore - c/o Corporation Trust Company | | | | $15.00 |
| | Service Fee - add'l @ same loc. | | 1.00 | 15.00 | 15.00 | |
| 2020000909 | 9/29/2020 | Office of Registrar Services Keller Graduate School of Management, DeVry University - c/o Corporation Trust Company | | | | $15.00 |
| | Service Fee - add'l @ same loc. | | 1.00 | 15.00 | 15.00 | |
| 2020000910 | 9/29/2020 | Patricia Meyer, in her official capacity as Asst National Dean & Student Code of Conduct Administrator - c/o Corporation Trust Company | | | | $15.00 |
| | Service Fee - add'l @ same loc. | | 1.00 | 15.00 | 15.00 | |
| 2020000911 | 9/29/2020 | Shantanu Bose, Ph.D. - Provost & Chief Academic Officer - c/o Corporation Trust Company | | | | $15.00 |

**BATCH INVOICE**                                                                                                9/29/2020

| Job | Date Served | Servee | Quantity | Price | Amount | Amount Due |
|-----|-------------|--------|----------|-------|--------|------------|
| | | Service Fee - add'l @ same loc. | 1.00 | 15.00 | 15.00 | |
| 2020000912 | 9/29/2020 | Lenore Goldberg, J.D. - National Dean, Keller Graduate School of Mgmt. - c/o Corporation Trust Company | | | | $15.00 |
| | | Service Fee - add'l @ same loc. | 1.00 | 15.00 | 15.00 | |
| 2020000913 | 9/29/2020 | Jonathan Agresta - c/o Corporation Trust Company | | | | $15.00 |
| | | Service Fee - add'l @ same loc. | 1.00 | 15.00 | 15.00 | |
| 2020000914 | 9/29/2020 | Deb Koffman - Operation Support Coordinator II - c/o Corporation Trust Company | | | | $15.00 |
| | | Service Fee - add'l @ same loc. | 1.00 | 15.00 | 15.00 | |
| 2020000915 | 9/29/2020 | Kristine Kearney - Student Support Advisor, DeVry Univ. - c/o Corporation Trust Company | | | | $15.00 |
| | | Service Fee - add'l @ same loc. | 1.00 | 15.00 | 15.00 | |
| 2020000916 | 9/29/2020 | Megan Mihelich - Student Support Advisor II, DeVry Univ. - c/o Corporation Trust Company | | | | $15.00 |
| | | Service Fee - add'l @ same loc. | 1.00 | 15.00 | 15.00 | |
| 2020000917 | 9/29/2020 | Jacob R. Gordon, MIS535 Course Instructor, DeVry Univ. - c/o Corporation Trust Company | | | | $15.00 |
| | | Service Fee - add'l @ same loc. | 1.00 | 15.00 | 15.00 | |
| 2020000918 | 9/29/2020 | Alan Shikowitz, MIS-535 Course Instructor, DeVry Univ. - c/o Corporation Trust Company | | | | $15.00 |
| | | Service Fee - add'l @ same loc. | 1.00 | 15.00 | 15.00 | |
| 2020000919 | 9/29/2020 | Milan Havel, Ph.D., Finance 515 Course Instructor, DeVry Univ. - c/o Corporation Trust Company | | | | $15.00 |
| | | Service Fee - add'l @ same loc. | 1.00 | 15.00 | 15.00 | |
| 2020000920 | 9/29/2020 | Mack Mofidi, Ph.D., Finance 515 Course Instructor, DeVry Univ. - c/o Corporation Trust Company | | | | $15.00 |
| | | Service Fee - add'l @ same loc. | 1.00 | 15.00 | 15.00 | |
| 2020000921 | 9/29/2020 | Paul Kohara - Professor, DeVry Univ. - c/o Corporation Trust Company | | | | $15.00 |
| | | Service Fee - add'l @ same loc. | 1.00 | 15.00 | 15.00 | |
| 2020000922 | 9/29/2020 | Arissa Bryant - Student Support Academic Adviser, DeVry Univ. - c/o Corporation Trust Company | | | | $15.00 |
| | | Service Fee - add'l @ same loc. | 1.00 | 15.00 | 15.00 | |
| 2020000923 | 9/29/2020 | Jocelyn Russell, Ph.D. - Northeast Student Code of Conduct hearing panelist - c/o Corporation Trust Company | | | | $15.00 |
| | | Service Fee - add'l @ same loc. | 1.00 | 15.00 | 15.00 | |

**BATCH INVOICE**                                                                 9/29/2020

| Job | Date Served | Servee | Quantity | Price | Amount | Amount Due |
|---|---|---|---|---|---|---|
| 2020000924 | 9/29/2020 | Jeevan D'Souza, PhD - Northeast Student Code of Conduct hearing panelist - c/o Corporation Trust Company | | | | $15.00 |
| | Service Fee - Add'l @ same loc. | | 1.00 | 15.00 | 15.00 | |
| 2020000925 | 9/29/2020 | Ewa Schmitz, DM - Northeast Student Code of Conduct hearing panelist - c/o Corporation Trust Company | | | | $15.00 |
| | Service Fee - Add'l @ same loc. | | 1.00 | 15.00 | 15.00 | |
| 2020000926 | 9/29/2020 | Wendy Findlay, DBA - MGMT 600 Course Instructor, DeVry Univ. - c/o Corporation Trust Company | | | | $15.00 |
| | Service Fee - Add'l @ same loc. | | 1.00 | 15.00 | 15.00 | |
| 2020000927 | 9/29/2020 | Huynh Thanh Ho - Grad Student, MGMT 600 class - c/o Corporation Trust Company | | | | $15.00 |
| | Service Fee - Add'l @ same loc. | | 1.00 | 15.00 | 15.00 | |
| 2020000928 | 9/29/2020 | Sean Mulhern - Grad Student, MGMT 600 class - c/o Corporation Trust Company | | | | $15.00 |
| | Service Fee - add'l @ same loc. | | 1.00 | 15.00 | 15.00 | |
| 2020000929 | 9/29/2020 | Ibironke Majekodunmi - Grad Student, MGMT 600 class - c/o Corporation Trust Company | | | | $106.00 |
| | Service Fee - Add'l @ same loc. | | 1.00 | 15.00 | 15.00 | |
| | Time on Location > .2h (9/28 @ UHaul) | | 0.80 | 65.00 | 52.00 | |
| | Time on Location > .2h (9/29 @ CT) | | 0.60 | 65.00 | 39.00 | |
| | | TOTAL CHARGED: | | | $539.00 | |
| | | **TOTAL AMOUNT DUE** | | | | **$539.00** |

Please handle payment of this invoice with the same speed and care with which we made service.
The highest compliment we can receive is the recommendation of clients and friends. Thank you for your trust.

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

PERSIST PROCESS & INVESTIGATIONS
423 South 15th Street
Philadelphia, PA 19146-1637
Phone: (215) 546-6080
Fax: (215) 546-2412
Tax No. 83-1473221

**BATCH INVOICE**



**PERSIST**
PROCESS & INVESTIGATIONS

PROCESS SERVICE | INVESTIGATIONS | LITIGATION SUPPORT

www.PersistPI.com

Invoice #TLL-2020000904
10/5/2020

Michael O. Livingstone, Pro Se
P.O. Box 34246
Philadelphia, PA 19101

Original Date: 9/29/2020

Your Contact: Michael Livingstone

Case Number: Northern 20-5567
Michael O. Livingstone
   vs
Dervy University, Inc.

## ITEMIZED LISTING

| Job | Date Served | Servee | Quantity | Price | Amount | Amount Due |
|---|---|---|---|---|---|---|
| 2020000904 | 9/29/2020 | DeVry University, Inc. - c/o Corporation Trust Company | | | | $0.00 |
| | Service Fee - W. Trenton NJ 08628 | | 1.00 | 73.00 | 73.00 | |
| | 10/5/2020 | Check #$order Final Payment | | | 73.00 | |
| 2020000905 | 9/29/2020 | ADTALEM Global Education, Inc. f/k/a DeVry Education Group - c/o Corporation Trust Company | | | | $0.00 |
| | Service Fee - add'l @ same loc. | | 1.00 | 15.00 | 15.00 | |
| | 10/5/2020 | Check #$order Final Payment | | | 15.00 | |
| 2020000906 | 9/29/2020 | Keller Graduate School of Management - c/o Corporation Trust Company | | | | $0.00 |
| | Service Fee - add'l @ same loc. | | 1.00 | 15.00 | 15.00 | |
| | 10/5/2020 | Check #$order Final Payment | | | 15.00 | |
| 2020000907 | 9/29/2020 | Board of Trustees of DeVry University - c/o Corporation Trust Company | | | | $0.00 |
| | Service Fee - add'l @ same loc. | | 1.00 | 15.00 | 15.00 | |
| | 10/5/2020 | Check #$order Final Payment | | | 15.00 | |
| 2020000908 | 9/29/2020 | DeVry University Online Bookstore - c/o Corporation Trust Company | | | | $0.00 |
| | Service Fee - add'l @ same loc. | | 1.00 | 15.00 | 15.00 | |
| | 10/5/2020 | Check #$order Final Payment | | | 15.00 | |